## PASSEBON *v.* PRIEUR, Recorder of Mortgages.

Where the formalities prescribed by law have been observed in the sale of property under execution, and nothing remains after paying the suing creditor to discharge the subsequent mortgages existing on the property, the sheriff is bound to release such mortgages, and the recorder of mortgages to erase them. C. P. 708. They have no discretion; nor is it necessary that any order of court directing the erasure should be made contradictorily with the creditors whose mortgages are to be cancelled. *Aliter*, where the forms prescribed for forced alienations have not been complied with.

APPEAL from a judgment of the District Court of the First District, *Buchanan*, J. *Denis* and *Pitot*, for the plaintiff, cited Code of Pract., art. 708. Laws of 1817, §§ 31, p. 141 ; of 1843, pp. 52, 105. *Casanova* v. *Avegno*, 3 La. 212. *Pepper* v. *Dunlap*, 16 La. 170. *Hart* v. *Foley*, 1 Robinson, 382.

*Roselius*, for the appellant, relied on the case of *Gasquet* v. *Dimitry*, 6 La. 454.

The judgment of the court was pronounced by

KING, J. P. *Passebon*, the purchaser of real estate at a sheriff's sale of the property of Buisson, made at the suit of the Citizen's Bank, united with the sheriff of the District Court of the First District, in a rule upon the recorder of mortgages of the city of New Orleans, to show cause why a mandamus should not issue, ordering the latter to erase from his books all mortgages upon the property adjudicated subsequent to those of the seizing creditor.

The recorder answered to the rule, that the mortgages could not be raised without an order of the court rendered contradictorily with the mortgage creditors, whose mortgages were to be cancelled. The rule was made absolute; and from this judgment the recorder has appealed.

The defendant in this proceeding relies in support of his position upon the decision in the case of *Gasquet* v. *Dimitry*, 6 La. 454. The facts of that case, however, differ materially from those of the present. The parties had waived the observance of the forms prescribed in forced alienations, and the court properly held, under those circumstances, that the posterior mortgages could only be cancelled contradictorily with the subsequent mortgages. The court in that case say : "The record shows that the sale had been made with the consent of the creditor and debtor, at six and twelve months; who agreed that the purchaser's notes should be discounted at a rate not exceeding twelve per cent a year. Many are the objections which subsequent mortgagees can successfully make to the extinguishment of their mortgages, or the release of them by the sheriff, when a sale at the instance of the first mortgagee leaves nothing for them. The subsequent mortgagees may think they may resist this extinguishment or release, on the score of the terms of sale agreed upon between the first mortgagee and the common debtor, as binding on those two individuals alone."

But where the prescribed formalities for sheriff's sales have been observed, the sheriff and recorder of mortgages have no discretion left them; the former is required in unequivocal terms to give the release, in pursuance of which it becomes the duty of the recorder to erase the subsequent mortgages.

The language of the 708th article of the Code of Practice is free from doubt: "The purchaser is bound for nothing beyond the price of his adjudication ; and if, after paying the suing creditor, as directed in the preceding article, there remains nothing more due to discharge the mortgages subsequent to that of the

suing creditor, the sheriff shall give him a release from those mortgages." *Fortier* v. *Slidell*, 7 Robinson, 398, and *Lagourgue* v. *Summers et al.*, 8 Robinson.

The practical effect of this article may be to operate occasional wrongs. This would be a sufficient motive for its revision by the legislature ; we must give effect to its obvious meaning, as it stands.                    *Judgment affirmed.*