## NOLAN STEWART v. J. R. ALLAIN et al.

A purchaser at sheriff's sale can compel the recorder to erase from his books of record a judicial mortgage, the registry of which is posterior in date to that of the mortgage under which the property was sold, so far as the same bears upon the property purchased.

APPEAL from the District Court, Sixth District, *Burk*, J. *J. M. & J. E. Elam*, for plaintiff and appellant. *Brandt, Grieves, Beale* and *Sherburne*, for defendants.

ROST, J. The only question which this case presents on the appeal, is whether a purchaser at sheriff's sale, can compel the recorder to erase from his books of record, a judicial mortgage, the registry of which is posterior in date to that of the mortgage under which the property was sold.

The same issue in the case of an anterior judicial mortgage, was before us in the case of *Samuel P. Young* v. *Municipality No. One;* and we then held that no provision was made by law for removing such an incumbrance. 5 Annual 736. It was decided in that case, that article 684 of the Code of Practice prohibiting a sale of property under execution, if the price offered does not exceed

---

<small>STEWART
*v.*
ALLAIN.</small>

the amount of the privileges and mortgages with which it is incumbered, refers to special and not to general mortgages. Art. 708, however, providing that the purchaser is bound for nothing beyond the price of his adjudication, and that if after paying the creditor, there remains nothing more due, to discharge the mortgages subsequent to that of the suing creditor, the sheriff shall give him a release from these mortgages, has received a different interpretation and has been held to apply to judicial as well as to conventional mortgages. *Fortier* v. *Slidell*, 7 R. 398. *Lagourge* v. *Summers*, 8 R. 175. *Passibor* v. *Prieur*, 1 Annual 10.

We feel bound to adopt that interpretation.

The plaintiff purchased under a mortgage consented by *Dempsey P. Cain*, in favor of the Clinton and Port Hudson Railroad Company. He is entitled to have all the subsequent mortgages existing on the property mortgaged to the company, erased from the public record. A large number of slaves upon which it had no mortgage, were sold at the same time; upon these, of course, the judicial mortgage of the appellees must remain.

We have not found it necessary to notice the plea of simulation set up by the appellees. The judicial sale of the property vested the title in the plaintiff and must have its legal effect.

It is ordered, that the judgment be reversed. It is further ordered, that the recorder of the parish of West Baton Rouge, enter on the books of record of mortgages, a release of the judicial mortgage of *Hewitt, Heran & Co.* against *Dempsey P. Cain*, so far as it bears upon the following property: one tract of land lying and being in the parish of West Baton Rouge, fronting on the Mississippi river and bounded above by the lands of the heirs of Brock, and below by the lands of him, said Cain, containing eight hundred arpents, more or less; one negro man named *Dennard*, aged twenty-seven years; one negro woman named *Daphne*, aged about thirty-eight years; one man named *Guy*, aged about thirty-five years; one child named *Jacob*, son of *Daphne*, aged eight years; one girl named *Louisa*, aged sixteen years; one woman named *Clarissa*, aged about eighteen years; one boy named *Harkwell*, aged twelve years; one boy named *Edmund*, aged eighteen years; one man named *Hampton*, aged twenty-nine years; one woman named *Coley*, aged fifty years; one woman named *Maria*, aged twenty years; one boy named *John*, aged nineteen years; one girl named *Charlotte*, aged fifteen years, all slaves for life.

It is further ordered, that the defendants pay costs in both Courts.