HARVARD LAW SCHOOL LIBRARY.

H. C. YOUNG et al. *v.* CITY BANK OF NEW ORLEANS et als.

The reinscription of a mortgage as prescribed by Article 3,333 of the Civil Code, is indispensable to the enforcement of the mortgage against third persons. The institution of a suit on the mortgage or a litigation in respect to it does not dispense with the reinscription.

APPEAL from the District Court of the Parish of East Baton Rouge, *Robertson,* J. *Dunn,* for plaintiff and appellant. *Morgan,* for defendant.

CAMPBELL, J. The conclusion at which we have arrived on one of the points presented in this case, renders it unnecessary to inquire into the many conflicting demands of the parties litigant.

The mortgage on which the order of seizure was granted, was executed on the 8th May, 1838, and recorded on the 10th of May, of the same year; and it does not appear that it has ever been reinscribed.

Article 3,333 of the Civil Code provides that "The registry preserves the evidence of mortgages and privileges, during ten years, reckoning from the day of their date: their effect ceases, even against the contracting parties, if the inscriptions have not been renewed before the expiration of this time, in the manner in which they were first made." This article was so amended in 1842, as to exclude the mortgages given by the stockholders of the various property banks of the State, from the operation of the rule, requiring reinscription at the expiration of ten years from the date of their registry; (Acts 1842, p. 232), leaving it in full force with regard to all other conventional mortages than those excluded.

In 1843, this article was further amended by making it the duty of the Recorder on the simple application in writing of the owner, or other party interested to erase all inscriptions of mortgages which have existed more than ten years without renewal. Acts 1843, p. 52.

Under this article, it has been held that the reinscription as prescribed is indispensable to the enforcement of the mortgage against third persons, and that in the institution of a suit on the mortgage, or a litigation in respect to it, does not dispense with it. *Shepherd* v. *N. O. Cotton Press*, 2 A. 104. *McElrath* v. *Dupuy, Curator*, 2 A. 321. *Hyde* v. *Bennott et al.*, 2 A. 799. *Adle* v. *Anty*, 5 A. 632. We are of opinion that prescription results from the omission to reinscribe within ten years from the date of its first registry.

It is therefore adjudged and decreed that the judgment of the District Court be annulled and reversed, and that there be judgment in favor of the plaintiffs reinstating and perpetuating their injunction. The costs of both courts to be borne by the appellees.

*T. G. & P. H. Morgan*, for a rehearing:

In this case, the intervenors *Pike & Menard*, respectfully ask of the court a rehearing.

The counsel for intervenors understand the court to have decided the case on the ground of want of reinscription of the mortgage granted by *Lilley* and *Wife* to the *City Bank*.

The intervenors respectfully represent that no such issue was made in the District Court, nor has it been made, within their knowledge, in the Supreme Court. That this defence, if it would avail the parties in this case, not having been set up by them, must be considered as waived, and cannot now be supplied.

We respectfully urge upon the court that prescription does not apply in this case because, in the first place, it was interrupted :

1st. By the executory process issued 8th June, 1845, and there is a pact of *non alienando* in the mortgage of *Lilley* and *Wife* to the *City Bank*. See cases of *Stanborough* v. *McCall*, 4 A. R. 322, 327.

2d. By payments made by the defendants in the executory process.

The executory process was issued on the 8th June, 1845, and returned on the 17th July, 1845, with an endorsement of a credit of two hundred and fifty-nine dollars paid by the defendants.

An alias order of seizure and sale issued on the 10th February, 1847 ; property seized and advertised for sale on 1st April, 1847, and sale postponed at request of defendants.

Pluries seizure 23d February, 1848, returned 11th March, 1848, credited with the sum of (1103 19) eleven hundred and three dollars and nineteen cents, paid by *Henry Carl* for the defendants.

The seizure enjoined in this case issued for the balance due after crediting these payments.

The mortgage of *Lilley* and *Wife* to the bank is dated 8th May, 1838, and the debt for which it was given was payable in five equal annual instalments from that date. C. C. 3424, 3486. 3 L. R. 262. 8 L. R. 283. 12 L. R. 455. 1 R. R. 556. 6 R. 419. 8 R. 145. 9 R. 18, 113. 3 A. R. 552. 4 A. R. 509.

We also refer the court again to the 5th and 6th points made in our printed briefs, and the authorities there cited.

In the case of *King* v. *Hicky*, 2 A. R. 367, the Supreme Court decided that "Prescription is an exception which the debtor and his creditors alone can plead. The obligation subsists until they avail themselves of the prescription ; courts of justice cannot supply it." And in the case of *Young* v. *Carl*, 6 A. 412. The court say that the judgment decreeing the present plaintiffs in injunction, creditors of the defendant in this suit, is clearly erroneous. Then, if the present plaintiffs were not creditors of their mother (the mortgagor), they could not plead prescription, because, say the court, "prescription is an exception which the debtor and his creditors alone can plead."

We understand the court to rest this case upon the Art. 3333 of the C. C. and the case of *Shepherd* v. *The Cotton Press Co.*, 2. A. pp. 100, 113. We respectfully submit that the case of *Shepherd* refers alone to the inscription of mortgages, and not to the prescription of them.

The defence of non-inscription cannot be made in this court, by way of argument. Like all other peremptory exceptions, it must be pleaded specially. C. P. 346, and when pleaded in the Supreme Court, the proof of it must appear by the mere examination of the record. C. P. 902.

For these reasons, we respectfully ask that a rehearing may be granted.

Rehearing refused.