MARY E. LEWIS *vs*. JAMES N. SMITH.

PROVIDENCE—MAY 27, 1899.

PRESENT : Matteson, C. J., Stiness and Tillinghast, JJ.

(1) *Dismissal of Action in District Court. Finality of Decision.*

The decision of a District Court dismissing an action for non-compliance with an order to furnish surety for costs is final as to that particular action, and a jury trial cannot be claimed thereafter.

The remedy of a plaintiff aggrieved by such decision is to bring the matter before the Appellate Division by a bill of exceptions under Gen. Laws R. I. cap. 250, § 12.

(2) *Surety for Costs.*

*Semble,* Where plaintiff, who had been ordered to furnish surety for costs, filed an affidavit setting out that she had made diligent effort to procure some competent person to give surety for her; that she had asked several persons, naming them, to became surety and they had declined, and that she was unable by reason of poverty to furnish surety for costs and had no means to employ a surety company to do so, and that she was informed by counsel and believed she had a good cause of action upon which she expected to recover judgment, and that the action was brought to recover damages for the killing of a horse :—

*Held,* that the affidavit as to poverty was sufficient to meet the requirements of the law as heretofore laid down by the court.

*Held,* further, that the affidavit was defective in that it did not set out with sufficient fullness and certainty the facts upon which the cause of action was based to enable the District Court to determine whether she had a probable cause of action.

TRESPASS. The facts are fully stated in the opinion. Heard on petition of plaintiff for a trial, on exceptions to ruling of Common Pleas Division disallowing claim of plaintiff for a jury trial. Ruling sustained, and case remitted to District Court.

TILLINGHAST, J. This case is before us on the plaintiff's petition for a trial. It was commenced in the District Court of the Sixth Judicial District, and was dismissed by that court for non-compliance with an order requiring the plaintiff to furnish surety for costs. See Gen. Laws R. I. cap.

247, § 4.[1] The plaintiff thereupon claimed a jury trial, and the case was certified to the Common Pleas Division, where the following ruling was made : "The plaintiff is not properly in this court on a claim for jury trial, when the record shows that the case was dismissed in the lower court for non-compliance with the order for surety for costs. The plaintiff, if aggrieved by such an order, should have had recourse to the Appellate Division of this court on exceptions." Plaintiff excepted to this ruling.

(1) We think the ruling was correct. The case having been dismissed by the District Court, and there being no right of appeal from said order and decision, the only thing for that court to do was to enter judgment on the decision. A dismissal of an action, while it may not be a final determination of the rights of the parties, as they may be presented in some other action, is, in the absence of a bill of exceptions or a petition for a new trial, a final decision as to that particular action. In other words, it is a final decision as to the court where the action is pending.

In *Dowling* v. *Polack*, 18 Cal. 625, the court states the law thus : "In effect, a dismissal is a final judgment in favor of the defendant, and, although it may not preclude the plaintiff from bringing a new suit, there is no doubt that for all purposes connected with the proceedings in the particular action the rights of the parties are affected by it in the same manner as if there had been an adjudication on the merits." See also *Taft* v. *Transportation Co.*, 56 N. H. 417.

Under Gen. Laws R. I. cap. 250, § 12, any party to a civil suit commenced in any District Court, if he deem himself aggrieved by any ruling or decision of such court on any matter of law raised by the pleadings, or apparent upon or brought upon the record by a bill of exceptions, may have such matter heard before and decided by the Appellate Division of the Supreme Court, by filing a bill of exceptions as

---

[1] Gen. Laws R. I. cap. 247, § 4. "Upon the neglect of the plaintiff to comply with an order of the court requiring a surety, or another surety, as herein provided, his action or suit shall be dismissed with costs for the defendant."

provided therein. If, therefore, the plaintiff was aggrieved by the ruling complained of, he should have come to this division under said statute, instead of claiming a jury trial in a case which had been dismissed from the court.

(2)    Another point deserves attention. The record shows that after the order for surety for costs was made, and within the time allowed by the court for furnishing the same, the plaintiff filed an affidavit setting out that she had made diligent effort to procure some competent person to give surety for her; that she had asked several persons, naming them, to be surety for her, and that they had declined, and also that she was unable, by reason of poverty, to furnish surety for costs, and had no means to employ a surety company to do so. The affidavit further states that the action was brought to recover damages for the killing of a horse, and that the plaintiff is informed by counsel and believes that she has a good cause of action upon which she expects to recover judgment. The reason why the District Court did not consider the affidavit sufficient as an excuse for not complying with the order for surety does not appear.

In *Spalding* v. *Bainbridge*, 12 R. I. 244, this court held that the suit should not be dismissed for non-compliance with the order for surety for costs, if it clearly appeared that the non-compliance was because of the plaintiff's inability on account of poverty; that to dismiss the suit in such a case would practically amount to a denial of justice and would be inconsistent with Art. 1, § 5 of the constitution. The court further held, however, that before the defendant is put to the expense of making his defence the plaintiff should be required to satisfy it, by affidavit or otherwise, that he has a probable cause of action. See also *Robinson* v. *Transportation Co.*, 16 R. I. 637.

If the reason for the dismissal of the case at bar by the District Court was that it was not satisfied by the affidavit that the plaintiff had a probable cause of action, we do not think this was error, as the affidavit does not set out the facts upon which the cause of action is based with sufficient fullness and certainty to enable the court to determine that

she has a probable cause of action. If, however, the case was dismissed because the plaintiff did not comply with the order to furnish surety for costs simply, as we infer was the fact from the entry on the writ, we think this was error, as the affidavit as to poverty would seem to be sufficient to meet the requirements of the law as heretofore laid down by this court. As the case was improperly certified to the Common Pleas Division, and as that court has no jurisdiction thereof, we will remand the case to said District Court with direction to re-instate the same and allow the plaintiff to show by affidavit or otherwise, if she can, that she has a probable cause of action.

Case remitted to the District Court for further proceedings.

*F. P. Owen*, for plaintiff.

*Lycurgus Sayles*, for defendant.