O’NIELL, J.
This is a suit to have a sale of real estate by the plaintiff to the defendant decreed null, on the ground that the price stated in the deed was not paid and that no other consideration was paid or given, and, in the alternative, to annul the sale for lesion beyond moiety, on the allegation that the price, if any was paid, was less than half the value of the property. The plaintiff alleges that the transfer was a mere simulation, which the defendant and her husband induced him to sign by the false and fraudulent representations that he, plaintiff, was wasting, mismanaging, losing, and jeopardizing his property and that it was to his interest that he should transfer the title to the defendant (his aunt), to be reconveyed to him when the rents would have paid the debts secured by certain mortgages and a pavement lien. The plaintiff alleges that tbie defendant has arbitrarily refused to carry out a verbal promise to reconvey the property to him.
The suit was met by a plea of res judicata, founded upon a judgment rendered by the same court in which the present suit was filed, dismissing a former suit between the same parties, on the samé cause of action and for the same primary and alternative relief that is demanded in this suit. The plea of res judicata was overruled. The defendant reserved a bill of exceptions to the ruling, and then filed a demurrer or an exception of no cause or right of action, which was sustained.
The plaintiff has appealed and in answer to the appeal, the defendant prays that the plea of res judicata be sustained, and, in thealternative,. that the judgment sustaining the. exception of no cause or . right of action be affirmed.
The exception of no cause or right of action was filed in the first suit on the 10th of Feb-
ruary, 1915; and, under date the 24th of that month appears the minute entry:
“On motion of counsel for plaintiff, this suit is dismissed at plaintiff’s cost.”
The appellee takes the position that the judgment dismissing the first suit had the effect of maintaining her exception of no cause or right of action, and is a bar to this suit on the same cause of action. The appellant, on the other hand, contends that a judgment sustaining an exception of no cause of action cannot be the basis of a plea of res judicata.
*535 Opinion,
[1, 2] There are two distinct classes of exceptions of no cause or right of action in our practice. One is founded upon the omission from the iHaintiff’s petition of a necessary allegation of fact, which, though not alleged, may nevertheless exist. The other, based upon a complete statement of the case in the plaintiff’s petition, denies that the law affords the relief prayed for. The distinction is observed in the effect of a judgment sustaining an exception of the one class or the other, and was recognized by this court in Baker v. Frellsen (on rehearing), 32 La. Ann. 829, and in Oglesby v. Turner, 124 La. 1084, 50 South. 859, and 127 La. 1094, 1095, 54 South. 400, by the Supreme Court of Tennessee in the case of Moore v. Chattanooga Ry. Co., 119 Tenn. 710, 109 S. W. 497, 16 L. R. A. (N. S.) 978, and by the Supreme Court of the United States in Northern Pacific Ry. Co. v. Slaght, 205 U. S. 128-133, 27 Sup. Ct. 442, 51 L. Ed. 738. Some authorities distinguish these demurrers by calling the former the exception of no cause of action and the latter the exception of no right of action. »
A judgment sustaining an exception of no cause of action, because of the plaintiff’s omission of a necessary allegation is not a bar to another suit on sufficient allegations. See Hart v. Bowie, 34 La. Ann. 326; Succession of Herber, 119 La. 1064, 44 South. 888; New York Mercantile Co. v. W. M. Cady Lumber Co., 133 La. 729, 63 South. 304; Carolina Portland Cement Co. v. Southern Wood Distillates & Fiber Co., 137 La. 469, 68 South. 831. But a judgment sustaining an exception of no right of action, aimed at the merits of the plaintiff’s demand, and assuming the case to be stated completely in the petition, is a basis for the plea of res judicata, the same as if the judgment had been rendered on evidence in the case. See Northern Pacific Ry. Co. v. Slaght, 205 U. S. 128-133, 27 Sup. Ct. 442, 51 L. Ed. 738, and authorities there cited; Oglesby v. Turner, 124 La. 1084, 50 South. 859, and 127 La. 1094, 1095, 54 South. 400. Res judicata, in the cases last cited, was said to result from the-doctrine of the following cases, that it matters not in what form of proceeding the question is presented, whether by answer or exception to the petition, when once decided, it is res judicata between the parties to that proceeding, and is a complete bar to-another demand for the same thing on the same cause of action, viz.: Plicque & LeBlanc v. Perret (Peain, Intervener), 19 La. 318; Heroman v. Institute, 34 La. Ann. 805;. Broussard v. Broussard, 43 La. Ann. 921, 9 South. 910; Tutorship of the Scarborough Minors, 44 La. Ann. 288, 10 South. 858; McNeely v. Hyde, 46 La. Ann. 1084, 15 South. 167.
As the exception of no cause or right of action was aimed at the merits of the first suit, and as the petition in the case before us contains substantially the same allegations that were made in the former suit, we would hold • that the plea of res judicata should have prevailed in this case if the judgment in the first suit had disposed of the question of the plaintiff’s cause or right of action. But the minutes of the trial court do not show that the ease was submitted for decision- on the exception of no cause or right of action. The judgment dismissing the first suit was rendered on motion of plaintiff’s counsel, and its force and effect must be determined without regard to the demurrer or exception that had been filed.
Article 491 of the Code of Practice provides:
“The plaintiff may, in every stage of the suit previous to judgment being rendered, discontinue the suit on paying the costs.”
And article 492 provides:
“After discontinuing the suit, the plaintiff may bring the action anew; provided he has paid the costs of the first suit.”
*537 In this instance, the plaintiff did not expressly discontinue his first suit. On his motion, it was dismissed, without any qualification such as without prejudice, as in case ■of nonsuit, or other express reservation of his right to file another suit on the same cause of action. And the question arises whether there is a difference in the effect of the plaintiff’s discontinuing his suit and his having it dismissed without any express reservation.
The courts of other jurisdictions agree that there is no difference in the effect of a •discontinuance and a dismissal of a suit on the plaintiff’s motion before issue is joined or the case submitted for decision on a demurrer. In Thurman v. James, 48 Mo. 235, and in English v. Dickey, 128 Ind. 174, 27 N. E. 495, 13 L. R. A. 40, it was held that “dis•continuance” and “dismissal” are synonymous terms. In Dowling v. Polack, 18 Gal. 625 (quoted with approval in Lewis v. Smith, 21 R. I. 324, 43 Atl. 542), it was said that, in ■effect, a dismissal is a final judgment in favor of the defendant in the action in which it was rendered, but does not preclude the plaintiff from bringing another suit on the same •cause of action. To the same effect was the decision of the Court of Appeals of Texas, in Brackenridge v. State, 27 Tex. App. 513, 11 S. W. 630, 4 L. R. A. 360. In Haldeman v. United States, 91 U. S. 584, 23 L. Ed. 433, it was held that a judgment, reading, “that the suit is not prosecuted and be dismissed,” was .a judgment of nonsuit, although, as the court observed, the customary technical language was not used; and it was said that the judgment of dismissal did not imply that the plaintiff had no cause of action, or that he had renounced whatever cause of action he had, or that the matter was adjudged. In Taft v. Northern Transp. Co., 56 N. H. 414, and in Greely v. Winsor, 3 S. D. 138, 52 N. W. 674, it was said that the term “dismissed" .had acquired a technical meaning in suits at law, signifying, not a final judgment of the controversy, but an end of that proceeding. And, in Brown v. Brown, 37 N. H. 536, 75 Am. Dec. 154, it was held that a dismissal entered on plaintiff’s motion was distinguishable from an order of dismissal granted by the court after a full hearing on the merits of the suit, in this: That the former is only a judgment of nonsuit, but the latter disposes of the controversy finally.
In the case of Pink v. Martin, 5 La. Ann. 104, and in Hoggatt v. Thomas, 35 La. Ann. 299, it was held that, where a plea was ignored in the judgment because it was not appropriate and was therefore untenable in the proceeding in which it was filed, the judgment was not a bar to the same issue being presented in a subsequent suit in which it was appropriate. And this doctrine, that an issue not decided in the judgment is not res judicata, was affirmed in Buck & Beauchamp v. Blair & Buck, 36 La. Ann. 20; Penouilh v. Abraham, 43 La. Ann. 216, 9 South. 36; and Laroussini v. Werlein, 50 La. Ann. 640, 23 South. 467. On the other hand, it was held, in Granger v. Singleton, 32 La. Ann. 898 ; Bledsoe v. Erwin, 33 La. Ann. 619; Glaude v. Peat, 43 La. Ann. 165, 8 South. 884; Flagg v. Parish of St. Charles, 48 La. Ann. 765, 19 South. 944; and Chadwick v. Gulf States Land & Imp. Co., 49 La. Ann. 757, 22 South. 237, that a judgment dismissing a suit after trial of the issues presented had the same effect as if the judgment had expressly rejected the plaintiff’s demand. Hence it appears that the force and effect of a decree, as res judicata, depends, not upon whether the word “dismissed” or the word “rejected” was used in the decree, but upon the issues considered and the stage of the proceedings at which the order or decree was rendered.
Discontinuance at common law resulted from a failure of the plaintiff to continue the cause from day to day or from term to term from the commencement of the suit un *539 til final judgment; and the effect of a lapse in the proceedings was the same as a judgment of nonsuit or a dismissal on plaintiff’s motion before the case was put at issue. Construing a provision of the Mississippi Code that an action shall be discontinued if the representative of a deceased party shall fail to become a party to the suit within a stated time, it was said by the Supreme Court of that State, in Germania Fire Ins. Co. v. Francis, 52 Miss. 457, 24 Am. Rep. 674, that the discontinuance mentioned in the Code meant a judgment of nonsuit or dismissal for want of prosecution, and had no reference to the technical discontinuance at common law.
Notwithstanding the expression in our Code of Practice is that the plaintiff may “discontinue” his suit at any time before final judgment and thereafter bring the suit anew, our opinion is that, if the plaintiff desires a discontinuance at a stage of the proceedings when no other judgment than one of nonsuit, or dismissal without prejudice, could be rendered, it makes no difference -in the effect of the judgment whether the plaintiff moves that the suit be “discontinued,” or that it be “dismissed,” although we are not prepared to say that the judgment would not be final and conclusive of the issues presented if the suit were dismissed on plaintiff’s motion, without any reservation, at a stage in the proceedings when a final judgment might be rendered in favor of the defendant, rejecting the plaintiff’s demand. This was the substance of the decision in Dennistoun v. Rist, 9 La. Ann. 465, viz.:
“Although the distinction between a voluntary and involuntary nonsuit, as it exists at common law, is not, with us, established in direct terms; yet it may be fairly inferred, and has been frequently recognized by the court; and we are unable to see any essential difference between a discontinuance as known in our practice and a voluntary nonsuit.”
In the decision last quoted, the following entry on the minutes was held to be a discontinuance, viz.:
“On motion of * * * counsel for plaintiffs, it is ordered that judgment be rendered against the plaintiffs, as in case of nonsuit.”
In article 3519 of our Civil Code, treating of the interruption of prescription by citation, the terms “discontinue” and “abandon” are used, perhaps as equivalents, viz.:
“If the plaintiff in this case, after having made his demand, abandons or discontinues it, the interruption shall be considered as having never happened.”
Our conclusion is that the judgment, dismissing the plaintiff’s first suit on his own motion, before any issue was submitted to the court for decision, had no more force or effect than if the plaintiff had discontinued his first suit. Hence we conclude that the district judge ruled correctly, in overruling the plea of res judicata and in considering and deciding the exception of no cause or right of action, which he had not decided in the first suit.
[3] Taking up the judgment appealed from, sustaining the exception of no cause or right of action in the present suit, it appears that the plaintiff demands the nullity of the sale dated the 6th of May, 1910, on three distinct grounds, viz.: First, that it was procured by false and fraudulent representations on the part of the defendant and her husband; second, that there was no consideration paid or given; and, in the alternative, third, that, if it be found that any consideration was paid or given, it was less than half the value of the property, and hence the sale should be annulled for lesion beyond moiety.
The only allegation of fraud or misrepresentation made in the petition is that the defendant and her husband “fraudulently represented to petitioner that he was wasting, mismanaging, and jeopardizing his estate.” This complaint cannot, in our opinion, justify the annulment of the sale. The plaintiff was of full age of majority, possessed of his faculties, and could not have *541 been deceived as to whether he was or was not mismanaging- or wasting his estate.
[4] The plaintiff’s allegation that he did not receive any consideration for the transfer of his property is contradicted by him in the subsequent allegations in his petition, viz., that the defendant issued her promissory note for $2,316.11, secured by mortgage and vendor's lien on the property, as set forth in the act of sale; that she assumed the payment of six notes amounting to $3,-025, which had been issued by the plaintiff, secured by mortgages on the property, as described in the act of sale, and assumed also the payment of the plaintiff’s debt of $750, secured by a pavement lien on the property, as stated in the act of sale; and that, on the 20th of June, 1914, more than four years after she had acquired the property from the plaintiff, she borrowed $6,500 by mortgaging it, and paid the pavement lien and the six mortgage notes issued by the plaintiff. Having permitted the purchaser to pay his debts representing a part of the purchase price stated in the deed, the vendor cannot truthfully say that the act of sale was a mere simulation. Article 1900 of the Civil Code provides that a contract cannot be annulled on the ground that the consideration expressed in the act was not paid or given if it can be proven that some other valid consideration was paid or given. There is therefore no merit in the allegation that the contract of sale was a mere simulation.
[6] In support of his alternative demand to annul the sale for lesion beyond moiety, the plaintiff alleges that the property was worth $30,000 at the time of the sale, and that the price stated in the deed was only $9,000. He denies having received the cash portion of the price acknowledged in the deed, but admits that the defendant has, by subsequently mortgaging the property, paid the credit portion of the price, amounting to $6,091.11. Therefore it is alleged that the sale was made for less than half of its value. But the petition discloses that the plaintiff has not a cause or right of action for lesion. Article 1876 of the Civil Code declares that actions for lesion are limited to four years from the date of the contract between persons of full age. The plaintiff’s first' suit, which was dismissed on his own motion, was filed on the 22d of December, 1914; that is more than four, years after the date of the contract of sale. The present suit was filed on the 24th of February, 1915, and it is alleged in the petition that the contract complained of was made on the 6th of May, 1910. The defendant has not filed a plea of prescription of four years, but takes the position that the right of action for lesion lapsed at the end of the .four years, or was peremptorily taken from the -plaintiff by the article of the Code - limiting the right of action for lesion to four years from the date of the contract, and that the exception of no cause or right of action was therefore an appropriate plea in bar to the plaintiff’s suit. We have not been referred to any decision sustaining that view of the law of pleading, but have found what may be regarded as a precedent. In the case of Blake v. Nelson, 29 La. Ann. 254, in the absence of a plea of prescription of four years, it was said:
“As to the alleged lesion, if this cause of nullity ever existed, it was barred by the prescription of four years. R. C. C. art. 1876.”
The vendor in a sale for less than half the value of the property conveyed has not an absolute right, even within the four years from the date of the contract, to annul it for lesion. The purchaser may elect, within a period to be fixed in an interlocutory decree determining the true value and the terms on which the payment is to be made, either to rescind the sale and take back what has been paid, or to pay the difference in value and have the sale confirmed. Rev. *543 Civ. Code. art. 1877. The provision in the Code, that “actions of lesion are limited to four years,” does not appear under the title of prescription. The decisions of this court to the effect that prescription must be expressly pleaded were not rendered with regard to the action of nullity for lesion. On the contrary, in Young v. City Bank, 9 La. Ann. 193, this court supplied the plea of preemption of a mortgage that had not been re-inscribed within 30 years after its inscription.
The plaintiff ratified the contract of sale when he permitted the purchaser to pay the credit portion of the purchase price stated in the deed, more than four years after the sale was made. In an action of nullity for lesion, and for other alleged causes, in Ross v. Ross, 3 La. Ann. 536, it was said:
“It is a rule that admits of no exception that, every man who has the right to attack an onerous contract which the law declares null for his private benefit, makes it valid and obligatory upon him by his ratification, express or implied.”
Our conclusion is that the judgment sustaining the exception of no cause or right of action is correct.
For the reasons assigned, the judgment appealed from is affirmed at the cost of the appellant.