## ROSENTHAL SLOAN MILLINERY CO. v. PICONE et ux.*
### No. 941.

Court of Appeal of Louisiana, First Circuit.
May 3, 1932.

*Rehearing denied June 8, 1932. Writ of certiorari denied by Supreme Court June 20, 1932.

Harris Gagne, of Houma, for appellant.

Ellender & Ellender, of Houma, for appellees.

ELLIOTT, J.

Mrs. Kate Picone Fraisse ruled Corticelli Silk Company and Carson, Pirie, Scott & Co. into court to show cause why the recordation of their respective judgments against Mr. and Mrs. Joseph Picone, appearing in the mortgage book of the parish of Terrebonne, and bearing as judicial mortgages on "a certain lot of ground situated in the City of Houma in the Parish of Terrebonne, measuring 75 Ft. front on Main street by such depth, between parallel lines as may be found between Main street and Bayou Terrebonne; bounded on the north by Bayou Terrebonne south by Main street; west by lot of ground formerly owned by Jacob Kuhn; east by lot formerly owned by Joseph Claverie, together with all the buildings and improvements thereon belonging or any wise appertaining, which said lot is comprised in lots 1 and 2 in block 1 on plan of the city of Houma. Being the same property acquired by Joseph Picone from Jacob Kuhn September 18th 1896," should not be canceled and erased from the mortgage records of said parish. She avers that she acquired said property at a public sale made on December 26, 1928, under a writ of fieri facias in the above entitled and numbered suit.

The said property was adjudicated to her for the price and sum of $7,025; that she paid into the hands of the sheriff the sum of $188.90 on account of the taxes and cost of court, leaving $6,836, which she retained in her hands to pay and satisfy two mortgage notes, owned and held by her, secured by special mortgage on said property, amounting in the aggregate to $8,446.65; that by the mortgage certificate under the No. one, there appears a special mortgage in favor of People's Bank & Trust Company against Joseph Picone resting against the said property, or a part thereof, for the sum of $1,150, interest, cost, and attorney's fees, which mortgage your petitioner has paid and discharged; that the judicial mortgage bearing on said property in favor of Corticelli Silk Company is for $435.44, with legal interest thereon from October 1, 1914, until paid; and that in favor of Carson, Pirie, Scott & Co. is for $368.55, with legal interest thereon from December 1, 1914, until paid; that said judgments have been each revived and re-inscribed as the law requires; that said property passed to her by virtue of said sale under said writ of fieri facias, free and clear of all judicial mortgages; and that she is entitled therefore to have said mortgages canceled.

Corticelli Silk Company and Carson, Pirie, Scott & Co. each appeared and excepted to her demand on the ground that her motion disclosed no right or cause of action. Then, immediately following, but under reserve of their exceptions and in case their exception was overruled, they each for answer, denied the existence of the special mortgages which she claims existed on the property. They aver in their respective answers that said mortgages are spurious, fraudulent, without consideration, and had been used by mover and Joseph Picone, for the purpose of defeating their claim; that mover did not buy the property, and that said sale was fraudulent.

They each further alternatively aver, in the event it be found that said special mortgages were bona fide, that her bid of $7,025.35 was not sufficient to discharge said prior conventional mortgages amounting to $8,446.65, with interest, and each of which had a preference over said judicial mortgages; that under the law the sheriff had no power nor authority to adjudicate the property to her. They pray that her rule against them be recalled and dismissed.

The court, acting on the face of the papers, sustained the exception of no cause of action urged by them respectively, recalled the rule, and denied relator the relief prayed for. Mrs. Kate Picone Fraisse appealed.

The only question before us is whether her petition sets forth a cause of action. Defendants in rule take the position in their brief that a purchaser at a sheriff's sale, made in the execution of a writ of fieri facias issued on a judgment which is later in date and inferior in rank and registry to the judgments and judicial mortgages which the purchaser seeks to have canceled, and who alleges, at the time of purchasing, she was the owner and the holder of two special mortgages, superior in rank and date of registry, to said judicial mortgages bearing on said property, and that she retained in her hands, out of the price for which the property was adjudicated to her, the amount required to pay said special mortgages, has no right of action under the law, Code Prac., art. 708 (amended by Act No. 208 of 1926), to have judicial mortgages canceled.

And they alternatively take the further position that plaintiff, having alleged that the price at which the property was adjudicated to her was not sufficient to pay the two special mortgages, of which she claims to be the owner and the holder, and having further alleged that there existed at the time of the

adjudication a special mortgage in favor of People's Bank & Trust Company for $1,150, with interest and attorney's fees in addition to the two, which she claims to have owned and held, which bore on said property or a part thereof, and which mortgage in favor of People's Bank & Trust Company was the first and highest mortgage on the property in question, which mortgage she had paid and discharged, but does not allege that it was done out of the proceeds of her bid, that her petition shows no right nor cause of action on that account.

Defendant in rule in support of their first position cite the cases Young v. Municipality No. 1, 5 La. Ann. 738, Kelly v. Cook, 7 La. Ann. 614, and Stewart v. Allain, 8 La. Ann. 64. But the authorities cited are based on the theory that a valid adjudication took place. Where a valid adjudication has taken place, and the adjudicatee, acting under the Code of Practice, art. 683, has retained in his hands the price of his bid for the purpose of paying special mortgages superior in rank to that of the judgment creditor, claims a clear title under the provisions of the Code of Practice, art. 708 (amended by Act No. 208 of 1926), the position seems to admit of dispute. Powell v. Kellar, 5 Rob. 272; Fortier v. Slidell, 7 Rob. 398; La Gourgue v. Summers, 8 Rob. 175; Passebon v. Prieur, 1 La. Ann. 10; Stewart v. Allain, 8 La. Ann. 64; Morris v. Cain, 35 La. Ann. 759; Robinson & Co. v. Cosner, 136 La. 595, 67 So. 468. But we withhold conclusion, and express no opinion concerning this position. Defendant's position on the subject may or may not be correct. We do not act on the matter, because we are not prepared to hold that under plaintiff's averments a valid adjudication took place. Then again, plaintiff prays for a judgment clearing her title, and it appears from her averments and the record brought up that Rosenthal Sloan Millinery Company have a judicial mortgage on the property in question. It was their judgment that was executed, and under which the property was adjudicated to plaintiff. The mortgage of Rosenthal Sloan Millinery Company is the last in date and inferior in rank to all the others; nevertheless the property cannot be cleared, except contradictorily with them, and they are not parties to the rule.

In Succession of Todd, 165 La. 453, 115 So. 653, 655, the Supreme Court held ex officio, and without objection having been urged to the proceedings, "that every party who may be affected by a decree must be made a party to a suit, because no one should be condemned without a hearing," and such a situation must be noticed ex officio by the appellate court.

But the second position which the defendants in rule take is a matter on which we can act. The Code of Practice provides (article 684): "Consequently, if the price offered in this case by the highest and last bidder, is not sufficient to discharge the privileges and mortgages existing on the property, and which have a preference over the judgment creditor, there shall be no adjudication, and the sheriff shall proceed to seize other property of the debtor, if there be any." The mandate is, "there shall be no adjudication"; therefore, under plaintiff's averments, the sheriff had no authority to act.

If plaintiff was the owner and the holder of the two special mortgages, which amounted in the aggregate to $8,446.65, she could have canceled these mortgages before the sale and released the debtor. But she does not claim to have done that; she, according to her averments, availed herself of the two special mortgages and the provisions of Code Practice, art. 683, for the purpose of paying the price of the adjudication, thereby affirming the sheriff's sale. She is therefore in no position to urge, even if she had endeavored to do so, which she has not done, that, being the owner and the holder of the two mortgages, she had the right to let the sale be made for less than the amount due on the notes. It is questionable if she could disregard the rights of the owner and inferior mortgage creditors by such a course as suggested, even if she had tried.

As for the first mortgage, she does not allege that it was paid out of the price of the adjudication for the purpose of acting on the ruling of the lower court. We cannot assume that such was done. The alleged situation is such that the sheriff could not disregard the mandate of the law and adjudicate the property to the plaintiff.

Corticelli Silk Company and Carson, Pirie, Scott & Co. being attacked, the fact that Rosenthal Sloan Millinery Company are not parties to the suit cannot prevent them from urging the above ground appearing on the face of the petition in their defense. The grounds of defense are matters which, under her petition, involve a right of action, and the judgment of dismissal might form res adjudicata against another suit. See Laenger v. Laenger, 138 La. 532, 70 So. 501. It may be that plaintiff has merely omitted facts from her petition, which, if stated, would sustain the suit. It is our purpose to leave the situation so she can bring another suit with proper parties and upon further and proper averments. With this end in view, the judgment appealed from is amended so as to make it a judgment of nonsuit.

As thus amended, the judgment is affirmed; the judgment to have effect as a nonsuit. Plaintiff and appellant to pay the cost in both courts.