CULPEPPER, Judge.
This is a suit for damages arising out of an automobile accident which occurred on February 21, 1969 in Vernon Parish. The plaintiffs are Almon Johnson, driver of one of the vehicles, and his collision insurer, Southern Insurance Company, who paid $800 of the property damage to the Johnson vehicle and took a subrogation. The defendant is B. L. Sweat, driver of the other vehicle.
In their original petition filed on January 28, 1970, Southern Insurance Company sought judgment on its $800 subrogation, and Almon Johnson sought the remainder of the property damage in the sum of $50, which was deductible under the provisions of his policy with Southern.
Then on August 12, 1971 Almon Johnson filed a supplemental and amended petition, seeking damages for personal injuries and naming State Farm Mutual Automobile In *802 surance Company, liability insurer of defendant Sweat, as an additional party defendant. Defendants filed an exception of res judicata to the demands contained in Johnson’s supplemental and amended petition.
This exception is based on a very unusual set of circumstances. After the present suit was filed, a second suit was filed by Johnson, represented by different counsel, seeking damages for personal injuries. This second suit was also filed in Vernon Parish, but was not filed until February 23, 1970, more than one year after the accident. An exception of prescription filed in the second case was sustained by the trial judge and affirmed by this court, Johnson v. State Farm Mutual Automobile Ins. Co., 241 So.2d 799, and that judgment is now final. Defendants filed an exception of res judi-cata, contending the dismissal of the second suit on an exception of prescription is a bar to the demands for damages for personal injuries contained in plaintiff’s supplemental petition in his first suit, which was timely filed. The district judge sustained the exception of res judicata. Plaintiff appealed.
The sole issue on appeal is whether the trial judge erred in sustaining the exception of res judicata.
LSA-C.C. Article 2286 sets forth the essential elements of res judicata as follows:
“Art. 2286. The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.”
Some of our early cases followed the common law estoppel by judgment, which is much broader than our civil law concept or res judicata. Common law estoppel by judgment applies generally to all issues which plaintiff pleaded or could have pleaded, and all defenses which defendant pleaded or could have been pleaded. However, our later cases make it clear that the common law doctrine of estoppel by judgment is not recognized in Louisiana. Our jurisprudence is now established that LSA-C.C. Article 2286 must be strictly construed, and any doubt must be resolved against the party urging res judicata, State v. American Sugar Refining Company, 108 La. 603, 32 So. 965 (1902); Hope v. Madison, 194 La. 337, 193 So. 666 (1940); Lege v. United Fidelity & Guaranty Company, La.App., 186 So.2d 670 (3rd Cir. 1966) writ of certiorari refused; and Simon v. Broussard, La.App., 216 So.2d 668 (3rd Cir. 1968). There are three recognized exceptions to this rule, (1) petitory action, (2) partition action and (3) suit for injunction against the execution of a judgment for sale under executory process, Himel v. Connely, 195 La. 769, 197 So. 424 (1940), but none of these are applicable here. See the general discussion in the comment, Res Judicata, “Matters Which Might Have been Pleaded”, 2 La.L.R. 491.
Defendant argues that since the object, the parties and the cause of action on the merits are the same in both suits, res judi-cata applies. The difficulty arises from the fact that none of the issues on the merits were heard or decided in the suit in which judgment was rendered. The sole issue heard and decided was whether that suit was prescribed.
Our courts have considered similar problems in cases involving judgments based on defenses other than the merits. For instance, In re Craven, 178 La. 372, 151 So. 625 (1933), was a disbarment proceedings. A judgment dismissed the first suit for want of valid service or citation. The court held the judgment did not sustain a plea of res judicata in a subsequent suit on the same cause of action in which there was proper service and citation. The decision states:
“A plea of res judicata cannot prevail unless the issue tendered in the second suit was disposed of by the judgment rendered in the former suit. Rev.Civ.Code *803 art. 2286; Fink v. Martin, 5 La.Ann. 103; Pepper v. Dunlap, 5 La.Ann. 200; Fisk v. Parker, 14 La.Ann. 491; Buck & Beauchamp v. Blair & Buck, 36 La.Ann, 16; Penouilh, Tutor v. Abraham, 43 La.Ann. 214, 9 So. 36; Laroussini v. Werlein, 50 La.Ann. 637, 23 So. 467; Laenger v. Laenger, 138 La. 532, 70 So. 501.”
Also analogous is the jurisprudence dealing with the exception of no cause of action. A judgment dismissing a suit, on the grounds that plaintiff has failed to urge sufficient facts to state a cause of action, does not sustain a plea of res judicata in a subsequent suit in which plaintiff supplies the necessary additions to his pleadings, Laenger v. Laenger, 138 La. 532, 70 So. 501 (1916). But where plaintiff has pleaded all of the facts, and the exception of no cause of action is upheld on the law, the judgment does sustain a plea of res judicata in a subsequent suit on the same cause of action, New York Mercantile Company, Ltd. v. W. M. Cady Lumber Company, Ltd., 133 La. 729, 63 So. 304 (1913).
Under the same rationale, judgments of nonsuit or dismissal without prejudice do not prevent the bringing of a new suit on the same cause of action, American Machinery & Construction Company v. Haas, 127 La. 811, 54 So. 38 (1910).
We find only two cases dealing with prescription. In Liles v. Texas Company, 166 La. 293, 117 So. 229 (1928), the first suit was in tort for the value of oil wrongfully taken from plaintiff’s land. An exception of prescription of one year was sustained and the suit dismissed. In the second suit, plaintiff sought the price of the oil on the basis of an alleged contract. Despite the difference in language used in the petitions in the two suits, the court held that the cause of action in both suits was the same, i. e., tort, and hence the dismissal of the first on an exception of one-y^ar prescription was res judicata as to the second.
In Succession of Delesdernier, La.App., 184 So.2d 37 (4th Cir. 1966) a granddaughter attacked her grandparents’ succession proceedings. Her previous suit had been dismissed on the basis that the grounds alleged were prescribed in five years. The court held a plea of res judicata was good as to the grounds urged in the first suit but not as to other grounds alleged in the second suit, which grounds were barred only by ten years prescription.
These two cases involving prescription support the rationale that a judgment has the authority of a thing adjudged only as to matters put in issue by the pleadings and actually decided by the court or found to be a necessary consequence of the judgment.
Under the rationale of these decisions, we find the judgment dismissing plaintiffs’ second suit on an exception of prescription of one year cannot sustain the plea of res judicata in the first suit, which was timely filed and in which no issue is presented as to prescription.
A contrary holding would lead to an absurd and inequitable result. Actually, the prescription of one year was interrupted by the filing of the first suit in a court of proper jurisdiction and venue, LSA-R.S. 9:5801 and LSA-C.C. Articles 3518 and 3551. Hence, the second suit was timely filed. Plaintiffs’ counsel, who filed the second suit, apparently was not aware of the pendency of the first, since he did not bring this to the attention of the court. It would be illogical to hold that plaintiff should now be barred from seeking damages for personal injuries in his first suit, which was timely filed, because his different counsel, without knowledge of the first suit, filed a second suit on the same cause of action, but failed to file it within the prescriptive period.
The only authorities cited by defendants which appear to hold to the contrary are from common law jurisdictions, which, as stated above, follow the much broader concept of estoppel by judgment. These authorities have no application in Louisiana.
*804 For the reasons assigned, the judgment appealed is reversed and set aside. Defendants’ exception of res judicata is overruled, and this case is remanded to the district court for further proceedings in accordance with law and the views expressed herein. All costs of this appeal are assessed against the defendants appellees.
Reversed and remanded.