841 So.2d 7 (2003)
Ricky DAVIS
v.
HUEY P. LONG REGIONAL MEDICAL CENTER, et al.
No. 02-806.
Court of Appeal of Louisiana, Third Circuit.
February 5, 2003.
*8 Ricky Davis, In Proper Person.
Carey Rauhman Holliday, Assistant Attorney General, Baton Rouge, LA, for Defendants/Appellees, State of Louisiana, Huey P. Long Regional Medical Center.
Court composed of NED E. DOUCET, Chief Judge, HENRY L. YELVERTON, SYLVIA R. COOKS, BILLIE COLOMBARO WOODARD and MICHAEL G. SULLIVAN, Judges.
YELVERTON, J.
In this appeal Ricky Davis claims that the trial court erred in dismissing his suit against the Huey P. Long Regional Medical Center (HPLMC) for alleged medical malpractice. The reason for the dismissal was a finding that a previous judgment based on prescription was res judicata. This case presents some rather complex *9 procedural questions. For the reasons hereafter assigned, we affirm.
From the pleadings it appears that on March 28, 1997, Mr. Davis, a boxer on the Avoyelles Correctional Center boxing team, was sparring when he experienced trauma to his left eye. He was referred to the HPLMC for treatment. The HPLMC is a state hospital located in Rapides Parish, Louisiana. Mr. Davis was found to be in need of surgery to remove a cataract from his eye. The surgery was performed on April 16, 1997, at the HPLMC Eye Clinic. After surgery, his eyesight worsened, leading to his treatment at Charity Hospital in New Orleans. Mr. Davis alleges that he learned about the malpractice on June 11, 1997, when a doctor at Charity informed him that an incorrectly sized lense had been placed in his eye during the prior surgery at HPLMC. After eight more surgeries, Mr. Davis lost the sight in his left eye.
On June 15, 1998, one year and four days after the discovery of the alleged malpractice, Mr. Davis filed a petition in Rapides Parish alleging malpractice against HPLMC. No request for service accompanied this petition, and it was never served on HPLMC nor the State of Louisiana.
Mr. Davis then chose to file a complaint of medical malpractice with the Commissioner of Administration in East Baton Rouge Parish on December 11, 1998, which was about six months after the Rapides Parish suit was filed. This complaint was served on the State. In response to the East Baton Rouge Parish filing, the State filed an exception of prescription. The East Baton Rouge District Court dismissed Mr. Davis' claim on grounds of prescription. The judgment was signed February 29, 2000. No appeal was ever lodged from the East Baton Rouge Parish judgment, and that ruling became final.
On August 30, 2001, one year and seven months after his suit in East Baton Rouge Parish was dismissed, Mr. Davis filed a "supplemental and amending petition" in the unserved suit in Rapides Parish. The supplemental and amending petition was served on the State. The State filed several responses to Mr. Davis' amending petition. One of these was a motion to dismiss the unserved suit for lack of service under La.R.S. 13:5107(D). Another was an exception of res judicata.
Preferring to rest its ultimate defense on the principle of res judicata and not on prescription, the State did not file an exception of prescription to the August 2001 filing. We cannot raise prescription on our own motion. La.Code Civ.P. art. 927. Prescription, as such, is therefore not before us.
In March 2002, the trial court in Rapides Parish found that the judgment maintaining the plea of prescription rendered by the East Baton Rouge District Court had the effect of res judicata as to the filing of the supplemental and amending petition in Rapides Parish, and the trial court dismissed Mr. Davis' Rapides Parish claim with prejudice. This is the judgment which Mr. Davis now appeals.
Mr. Davis was represented by counsel in the East Baton Rouge Parish proceeding. He has represented himself at all times in the Rapides Parish proceedings.
We will repeat the procedural events up to this point: the first suit, filed June 15, 1998, in Rapides Parish was never served on the State nor was any request for service ever made by Mr. Davis; the complaint of medical malpractice filed December 11, 1998, in East Baton Rouge Parish was served but was held prescribed; the amending petition in Rapides Parish was filed August 30, 2001, and it was served on the State within ninety days of its filing.
*10 When the State was served with the amending petition in Rapides Parish in late 2001, and thereby became aware of the suit that had been filed on June 15, 1998, in that parish, it filed pleadings calling attention to the non-service of the June 15, 1998 petition. It relied on La.R.S. 13:5107(D), which states:
D. (1) In all suits in which the state, a state agency, or political subdivision, or any officer or employee thereof is named as a party, service of citation shall be requested within ninety days of the commencement of the action or the filing of a supplemental or amended petition which initially names the state, a state agency, or political subdivision or any officer or employee thereof as a party. This requirement may be expressly waived by the defendant in such action by any written waiver.
(2) If service is not requested by the party filing the action within that period, the action shall be dismissed without prejudice, after contradictory motion as provided in Code of Civil Procedure Article 1672(C), as to the state, state agency, or political subdivision, or any officer or employee thereof, who has not been served.
(3) When the state, a state agency, or a political subdivision, or any officer or employee thereof, is dismissed as a party pursuant to this Section, the filing of the action, even as against other defendants, shall not interrupt or suspend the running of prescription as to the state, state agency, or political subdivision, or any officer or employee thereof; however, the effect of interruption of prescription as to other persons shall continue.
It is our opinion, on the facts of this case, applying this statute, particularly subsection (D)(3), that the June 15, 1998 filing did not interrupt or suspend the running of prescription as to the State. At this point we want to emphasize that we are not holding that the suit filed on June 15, 1998, was too late, although the date of discovery of the malpractice, by Mr. Davis' own pleadings, was June 11, 1997, more than one year earlier. In cases involving pro se inmates seeking judicial review, Louisiana has adopted the "mailbox rule" established by Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), holding that a document is considered "filed" when it is delivered to prison officials. Tatum v. Lynn, 93-1559 (La. App. 1 Cir. 5/20/94), 637 So.2d 796; Shelton v. Louisiana Dep't. of Corrections, 96-348 (La.App. 1 Cir. 2/14/97), 691 So.2d 159. However, it would serve no purpose to remand for determination of whether the "mailbox rule" might have saved the case from prescription, because there is another critical time period in the present case, and that is the requirement for request of service within ninety days of the commencement of the action. La.R.S. 13:5107(D)(1). Even if commencement of the action was when the petition was deposited in the inmate's mailbox, his ninety days for service passed without action on his part. So, while the "mailbox rule" in other circumstances might have saved his petition from prescription even though the petition was actually filed with the district court four days after prescription technically ran, it cannot benefit him in the present circumstances. The "mailbox rule" does not extend prescription beyond the date of actual filing, and it does not extend the ninety days statutorily required for requested service of citation where the State is a party. Also, the "mailbox rule" does not exempt Mr. Davis from the statutory consequence that this absence of service of citation within ninety days causes no interruption or suspension of the running of prescription.
*11 Although Mr. Davis has not made it an assignment of error, two members of the panel considering this appeal believe that the issuance (or, rather, the non-issuance) of an order by the trial court in connection with a "Motion and Affidavit to Proceed in Forma Pauperis" should be construed as a request for service of citation, which would avoid for Mr. Davis the consequences of La.R.S. 13:5107(D). The majority of the panel considering this appeal construe the pleadings otherwise, as we next explain.
Along with his June 15, 1998 petition, which did not request service and gave no instructions for service of citation, Mr. Davis filed separate documents under the statutes dealing with waiver of costs for an indigent party. The application and supporting affidavits were on forms supplied by the institution where he was incarcerated. His motion to be allowed to sue in forma pauperis was supported by his own affidavit, the affidavit of a third person, and a certificate by an authorized officer of Avoyelles Correctional Center attesting that he had an inmate savings account of $12.96 and a drawing account of $18.05, for a total of $31.01 in funds to his credit. As part of the package of forms that Mr. Davis presented to the court with his application, there was attached a form "ORDER" with several paragraphs which might or might not be applicable depending on whether the trial judge decided to grant or not grant the application to proceed in forma pauperis. In this case it is clear that the trial judge exercised his discretion under La.Code Civ.P. art. 5181(C) and decided not to require Mr. Davis to pay any advance costs, not even the minimum three dollars under the schedule set out in La.Code Civ.P. art. 5181(B). In keeping with that decision he signed the ORDER after deleting all three paragraphs in the form that would have applied had he denied the order and required the payment of costs. The first of these three paragraphs requiring a deposit as advance costs was deleted. The second paragraph extending the time to deposit the required court costs was deleted. The third paragraph reading: "IT IS FURTHER ORDERED THAT after costs of court have been paid, the Clerk of Court shall process the suit and issue citation to the defendant(s) in accordance with the law" was struck out as inapplicable, for Mr. Davis was not being required to pay costs of court.
The dissenting members of the panel considering this appeal believe that because of the stricken language in the paragraph reading: "IT IS FURTHER ORDERED THAT after costs of court have been paid, the Clerk of Court shall process the suit and issue citation to the defendant(s) in accordance with the law", the trial judge was taking away from Mr. Davis an implied request for service of citation. That argument might have some persuasiveness had Mr. Davis ever requested service of citation by some means, in some pleading, but he never did so. Louisiana Revised Statute 13:5107(D) specifically requires that service of citation be requested within 90 days of the filing of the pleading naming a governmental defendant. Moreover, the statute requires that the request be made by the party filing the action. It is not the responsibility of either the trial judge or the clerk of court to make the request on behalf of the party filing the action. Instead, there must be a valid and effective request by the party filing the action, delivered to the clerk of court as required by La.Code Civ.P. art. 253. Rollins v. City of Zachary, 00-0160 (La.App. 1 Cir. 2/16/01), 808 So.2d 439. That was never done in this *12 case.[1]
Mr. Davis never requested service of citation and recognized this problem in subsequent pleadings. As a matter of fact, he does not now argue on this appeal that the deleted paragraph in the court's June 16, 1998 form ORDER should be construed as a request by him for service denied by the court. That proposition is one which has originated with this appellate court, in an effort to comply with its responsibility to render any judgment which is just, legal, and proper upon the record on appeal. While we sympathize with Mr. Davis, and recognize that his lack of education, his impecuniousness, and to some extent his incarceration, puts him at a disadvantage in court, there is a limit to the degree of indulgence we can give him. We cannot rewrite the law to give him a right he does not presently have. The trial judge, by deleting the paragraph having to do with costs and service, was doing for the petitioner exactly what the petitioner asked be done for him: he was giving him the privilege of suing in forma pauperis. By deleting the part about service, he was not denying a request for service of citation. No request for service of citation had ever been requested for the court to deny. Furthermore, the request for service of process was the petitioner's responsibility. After the ORDER was signed the petitioner still had almost the full ninety days to make the request, and he never did.
As explained by the Supreme Court in Naquin v. Titan Indemnity Co., 00-1585, pp. 9-10, (La.2/21/01); 779 So.2d 704, 710:
While it is this court's province to "consider the reason and spirit of a law," we are "not free to rewrite the law to effect a purpose that is not otherwise expressed." Backhus v. Transit Cas. Co., 549 So.2d 283, 291 (La. 1989). "When a law is clear and unambiguous, and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature." La. C.C. art. 9. Had the legislature wished for § 5107(D) to require mere informal notice within ninety days rather than a request for service of citation, it could have so provided. Section 5107(D) specifically requires that service of citation be requested within ninety days of the filing of the pleading naming a governmental defendant.
Attached to his June 11, 1998 petition Mr. Davis executed a certificate of service stating that a copy was mailed to the HPLMC. However, a courtesy service of the petition does not suffice, because "knowledge of the pending suit does not satisfy plaintiff's obligation to request service within ninety days of the filing of the suit against a governmental defendant." Naquin, 779 So.2d at 710.
*13 Therefore, the application of La.R.S. 13:5107(D) means that the June 15, 1998 filing did not interrupt or suspend the running of prescription as to the State. Accordingly, although the August filing in 2001 was denominated an "amending and supplemental petition," it has to be regarded as "the filing of a supplemental or amended petition which initially names the State ... as a party."[2]
In sum, there is a final judgment holding that Mr. Davis' action filed against the State on December 11, 1998, is prescribed. A claim that has prescribed cannot be revived. Etienne v. Nat'l Auto. Ins. Co., 99-2610 (La.4/25/00), 759 So.2d 51. The East Baton Rouge Parish judgment has acquired the authority of res judicata. The exception was properly sustained as to the filing of the amending and supplemental petition in August 2001 in Rapides Parish.
The case of Johnson v. Sweat, 265 So.2d 801, 803 (La.App. 3 Cir.), writ denied, 263 La. 105, 267 So.2d 211 (La.1972), decided that a "judgment dismissing plaintiffs' second suit on an exception of prescription of one year cannot sustain the plea of res judicata in the first suit, which was timely filed and in which no issue is presented as to prescription." That case is readily distinguishable. In Johnson, the first suit interrupted prescription. In our present case, the first suit did not interrupt prescription. Therefore any action filed at a time after the claim that was held to have been prescribed, is itself prescribed by the effect of res judicata.
Finally, the State answers Mr. Davis' appeal and seeks sanctions against him for filing a frivolous appeal. This has not been an easy case to decide. We members of the panel considering this case have struggled with it among ourselves. Mr. Davis' appeal is not frivolous.
For the reasons assigned, the judgment of the trial court is affirmed. Costs of this appeal are assessed against Mr. Davis.
AFFIRMED.
COOKS, J., dissents with written reasons.
WOODARD, J., dissents for the reasons assigned by Judge COOKS.
COOKS, J. Dissenting.
For the reasons expressed in Ricky Davis v. Huey P. Long Regional Medical Center, et al, 02-656, (La.App., 2002-656 La.App. 3 Cir. 2/5/03) 841 So.2d 13, I dissent.
NOTES
[1] Mr. Davis, pro se, is apparently aware of that deficiency. In a Petition for Assistance From a Fellow Prisoner, filed August 30, 2001, Mr. Davis calls attention to his youth and limited (sixth grade) education, and his consequent use of assistance from various inmates" in preparing the original complaint." He laments that he "was unaware of one such fellow inmate's error in filing the original complaint in this Honorable Court without citing a properly addressed service of process or citation, which without makes a petition null and void. Thereafter when no answer was received that inmate erroneously filed the same petition in the 19th Judicial District Court, Parish of East Baton Rouge. Which said court dismiss the petition on exception of prescription, February 29, 2000, Suit No. 460,409." In a June 4, 2002 pleading he admits: "In the instant case the 11th day of June, 1998, petitioner filed a complaint with the Ninth judicial district court without a service of process, seeking damages from Huey P. Long Hospital."
[2] According to the record, the supplemental and amending petition was put in the mailbox by Mr. Davis on August 29, 2001. It was filed in the Office of the Clerk of Court of Rapides Parish on August 30, 2001. The "mailbox" rule has no significance regarding this filing either.