FREDERICKA HOMBERG WICKER, Judge.
12This is an appeal by Louis Boyd, an unrepresented plaintiff-appellant, from a judgment dismissing without prejudice his defamation suit against the Times Picayune and Matt Scallan, and Wick Communications and Robin Shannon, defendants-appellees, on grounds that Mr. Boyd failed to request service within 90 days of filing suit as required by La.C.C.P. art. 1201(C). For the following reasons the judgment is affirmed.

Procedural History

Mr. Boyd, an unrepresented inmate, filed his petition on November 16, 2009. Named defendants were the Times Picayune, St. Charles Herald, L’Observor and Major Zinna. Mr. Boyd’s basic allegations were that Major Zinna, along with the newspapers’ editors, concocted a defamatory story that property had been discovered at 786 East Easy Street, which was believed to be stolen and/or [.^acquired through drug transactions. No requests for service were made at that time.[1]
On November 80, 2009, Mr. Boyd filed an application for leave to proceed in for-ma pauperis, which was granted by the trial court. On December 16, 2009, he filed a motion for “notice of fixings” and a request to be appointed amicus curiae to assist him with the suit. He asked for the appointment stating that because he was incarcerated, he was limited in movement, resources, and available information. The trial court granted the request for notice. It denied the request for court-appointed assistance on grounds that pro bono legal assistance was not available in a civil litigation.
Times Picayune and Matt Scallan, and Wick Communications and Robin Shannon filed respective motions for involuntary dismissal under La.C.C.P. art. 1672(C). That article provides that a suit shall be dismissed without prejudice for failure to request service within 90 days of filing suit as provided in La.C.C.P. art. 1201(C), un *300 less good cause is shown why service could not be timely requested.
The matter was set for a hearing on November 29, 2010, and Mr. Boyd was properly served with the motions and notice of the hearing. Mr. Boyd did not file an opposition to the motion. On appeal, he asserts that he planned to attend the hearing instead.
Due to his incarceration, however, Mr. Boyd did not appear at the hearing. The trial judge suggested that because of Mr. Boyd’s absence, he preferred not to allow the appellees to argue, but rather suggested that they submit the issue on briefs. Appellees agreed and the matter was taken under advisement. On |4Pecember 9, 2010, judgment was rendered dismissing the suit without prejudice. This appeal followed.

Analysis

Citation and service are essential in most civil actions; without them, all proceedings are absolutely null. La. C.C.P. art. 1201(A). In particular, La.C.C.P. art. 1201(C) explicitly requires that “service of the citation shall be requested on all named defendants within ninety days of commencement of the action.”
La.C.C.P. art. 1672(C) pertinently provides:
A judgment dismissing an action without prejudice shall be rendered as to a person named as a defendant for whom service has not been requested within the time prescribed by Article 1201(C)
... upon the sustaining of a declinatory exception filed by such defendant, or upon contradictory motion of any other party, unless good cause is shown why service could not be requested, in which case the court may order that service be effected within a specified time.
Louisiana courts strictly construe the good cause requirement of La.C.C.P. art. 1672(C). Barnett v. Louisiana State University Medical Center — Shreveport, 02-2576, p. 1 (La.2/7/03), 841 So.2d 725, 726. Consequently, Mr. Boyd is strictly held to the obligation of serving the defendants.
Mr. Boyd raises three assignments of error in his appeal. First, he contends that it was error for the trial judge to proceed with the hearing on the motion to dismiss without his presence; and second, he asserts that had he been present he could have shown good cause for his failure to timely request service. His third assignment urges that his claim has not prescribed. As to this latter argument, because the judgment does not address the prescription question, this assignment is moot and will not be addressed further.
The first issue concerns Mr. Boyd’s right to be present at the hearing. This Court discussed this issue in Falcon v. Falcon, 07-491, p. 3 (La.App. 5 Cir. 12/27/07), 975 So.2d 40, 42-43, writ denied, 08-0295 (La.3/28/08), 978 So.2d 311. There we stated that incarcerated persons who are parties to civil lawsuits have no right to be present during those proceedings. We further noted that if such persons wish to be present at such proceedings, the proper procedure is to request the issuance of a writ of habeas corpus ad testificandum. Here, Mr. Boyd did not avail himself of this remedy, and the trial judge did not err in holding the hearing without him being present.
The second issue concerns Mr. Boyd’s argument that because of his incarceration he was unable to ascertain the addresses of the defendants, and thus he had good cause for not requesting service within 90 days of filing of the suit. Since Mr. Boyd did not file an opposition to the motion, this argument was not presented below. Rather, the trial judge, in ascertaining whether there was a showing of good cause, reviewed the record. He noted in his reasons for judgment that Mr. *301 Boyd, although not an attorney, nonetheless had known to file the original suit with the clerk of court’s office in an appropriate parish, had filed a motion to proceed in forma pauperis, and had filed an amended petition. We note that he had also filed a motion to be informed of all proceedings and a request for appointment of amicus curiae to assist him with his claim. The trial judge concluded that although Mr. Boyd is not an attorney, “this Court cannot deem plaintiffs lack of knowledge to be good cause” for failing to timely request service.
Thus, the trial court found no showing of “good cause.” The manifest error standard of review applies to the trial court’s dismissal of a suit for failure of the plaintiff to request timely service under the above articles. Futrell v. Cook, 00-2531, pp. 3-4 (La.App. 4 Cir. 12/19/01), 805 So.2d 325, 327; Pylant v. Jefferson Parish, State of Louisiana Dept. of Health and Hosp., 05-148, p. 6 (La.App. 5 Cir. 6/28/05), 907 So.2d 807, 810, writ denied, 05-1992 (La.3/17/06), 925 So.2d 537. We see no manifest error in the trial court’s grant of the defendants’ motion for dismissal.
Mr. Boyd argues that he did not file an opposition to the motion to dismiss because he intended to appear at the hearing. We agree with the trial judge. In Cutler v. McGee, 09-1290, p. 12 (La.App. 3 Cir. 5/5/10), 38 So.3d 481, 490, writ denied, 10-1879 (La.11/1910), 49 So.3d 393, the court stated that notwithstanding that a layman representing himself is not to be held to the same standards as an attorney, he nonetheless assumes responsibility for his own lack of knowledge of both procedural and substantive law.
We also note that when Mr. Boyd filed his amended petition, he appended to it copies of the articles which he deemed defamatory. Clearly, Mr. Boyd had access to the newspapers themselves. He also states in brief that he enlisted the aid of family members to ascertain the addresses but to no avail. Thus, Mr. Boyd had outside as well as inside resources to aid him in determining addresses. Compare: Thomas v. State, ex rel. Dept. of Transp. and Development, 07-0187, pp. 2, 4-5 (La. App. 1 Cir. 6/19/08), 2008 WL 2484717, writ denied, 08-1636 (La.10/24/08) (unpublished), 992 So.2d 1035 (The inmate had been in lockdown and had no access to the law library.). Nevertheless, even if unrepresented litigants might be afforded latitude in some circumstances, the instant case is not among them. Although Mr. Boyd is appearing in proper person, his filings in the court demonstrate that he is not an inexperienced litigator. Compare: Davis v. Huey P. Long Regional Medical Center, 02-806, p. 5 (La.App. 3 Cir. 2/5/03), 841 So.2d 7, 11 (“While we sympathize with Mr. Davis, and recognize that his lack of education, his impecuniousness, and to some extent his incarceration, puts him at a disadvantage in court, there is a limit to the degree of indulgence we can give him. We cannot rewrite the law to give him a right he does not presently have.”).

17Conclusion

For the foregoing reasons, the judgment appealed is hereby affirmed.

AFFIRMED

. Several months later, on August 13, 2010, Mr. Boyd filed an amended petition which simply recited the original allegations but asked for judgment against additional parties: Detective Erik Brass, River Parishes Bureau, Matt Scallan, Robin Shannon, the St. Charles Herald Guide (and its unknown staff writer), and the St. Charles Police Department, although they were not actually named as defendants. Service of the amended petition was requested on, inter alia, Matt Scallan of the River Parishes Bureau of the Times Picayune, and L’Observateur and Robin Shannon, associated with Wick Communications Co.