# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 12-332


DONALD BURGO

VERSUS

WARDEN ROBERT HENDERSON, ET AL.


**********

APPEAL FROM THE
THIRTY-SIXTH JUDICIAL DISTRICT COURT
PARISH OF BEAUREGARD, NO. C-2011-0444 DIV. A
HONORABLE MARTHA ANN O'NEAL, DISTRICT JUDGE

**********

## MARC T. AMY
## JUDGE

**********

Court composed of Sylvia R. Cooks, Jimmie C. Peters, Marc T. Amy, Shannon J. Gremillion and Phyllis M. Keaty, Judges.


**AFFIRMED IN PART; REVERSED IN PART; AND JUDGMENT RENDERED.**

**Cooks, J., dissents and assigns written reasons.**


**Michael W. Landry**
**Assistant Attorney General**
**One Lakeshore Drive, Suite 1200**
**Lake Charles, LA 70629**
**(337) 491-2880**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **John Crawford, M.D.**
    **Warden Robert Henderson**
    **State of Louisiana, Department of Public Safety and Corrections**

**Donald Burgo**
**Post Office Box 1056**
**DeQuincy, LA 70633**
**IN PROPER PERSON**

**AMY, Judge.**

The plaintiff, an inmate in the custody of the Louisiana Department of Public Safety and Corrections, alleged that he was injured in a work-related accident and subsequently received inadequate medical treatment. He filed suit, seeking damages and an injunction requiring the defendants to provide him with appropriate medical treatment. Thereafter, the defendants filed an exception of insufficient service and motion to dismiss for failure to request service. After a hearing, the trial court granted the motion to dismiss with respect to the Department of Public Safety and Corrections, but denied it as to the two individual defendants. Both the plaintiff and the defendants appeal. For the following reasons, we affirm in part and reverse in part and render judgment.

## Factual and Procedural Background

The plaintiff, Donald Burgo, is currently an inmate at the Phelps Correctional Center. According to the plaintiff, he was injured when another inmate caused some equipment to hit him in the back of the neck and the head. The plaintiff contends that he sought medical treatment for his injury and that the treatment was inadequate. After his efforts at seeking administrative relief were unsuccessful, the plaintiff filed suit. In his petition, the plaintiff named as defendants the Louisiana Department of Public Safety and Corrections (DPSC), Warden Robert Henderson, and Dr. John Crawford, M.D. In his petition, the plaintiff requested service on Warden Henderson and Dr. Crawford at the post office box for the Phelps Correctional Center. There is no service request in the petition for DPSC.

According to the record, the plaintiff requested to be afforded pauper status. However, the plaintiff's request was denied, and the record indicates that the plaintiff

eventually paid his filing fee.[1] Thereafter, the Clerk of Court issued service to Warden Henderson and Dr. Crawford at the physical location of the Phelps Correctional Center. After the individual defendants were served, all of the defendants jointly filed an exception of insufficient service of process and a motion to dismiss for failure to request proper service within ninety days of filing the petition. After a hearing, the trial court granted the motion to dismiss as to DPSC and denied it as to Warden Henderson and Dr. Crawford. In making that determination, the trial court found that the plaintiff had made no attempt to serve DPSC. However, with regard to Warden Henderson and Dr. Crawford, the trial court found that the plaintiff had requested service and that errors on the part of the Clerk's office prejudiced the plaintiff "to some extent," resulting in the individual defendants not being served in a timely fashion.

Thereafter, the plaintiff filed objections to the trial court's ruling. The trial court treated the plaintiff's objections as a motion for new trial and denied the motion.

The plaintiff now appeals, asserting that the trial court erred in granting the motion to dismiss as to DPSC. The plaintiff also complains that the trial court erred in failing to consider his objections to that ruling. Additionally, the defendants appeal, asserting that the trial court erred in denying the motion to dismiss as to Warden Henderson and Dr. Crawford.

## Discussion

*Motion to Dismiss for Failure to Request Service—Department of Public Safety & Corrections*

Louisiana Code of Civil Procedure Article 1201(C) requires that "[s]ervice of the citation shall be requested on all named defendants within ninety days of commencement of the action." Further, pursuant to La.Code Civ.P. art. 1672(C),

---

[1] The transcript of the hearing on the motion to dismiss indicates that the denial of the plaintiff's request for pauper status "was not sent to [the plaintiff] until June 29th, 2011, some thirty-four days after signature."

2

A judgment dismissing an action without prejudice shall be rendered as to a person named as a defendant for whom service has not been requested within the time prescribed by Article 1201(C) or 3955 upon the sustaining of a declinatory exception filed by such defendant, or upon contradictory motion of any other party, unless good cause is shown why service could not be requested, in which case the court may order that service be effected within a specified time.

The supreme court has found that La.Code Civ.P. art. 1672(C) requires an accurate request for service upon the proper agent for the defendant. *Barnett v. La. State Univ. Med. Ctr.-Shreveport*, 02-2576 (La. 2/7/03), 841 So.2d 725. Although the manifest error standard of review applies to the trial court's dismissal of a suit for failure to request timely service, the "good cause" requirement is strictly construed. *See Boyd v. Picayune*, 11-119 (La.App. 5 Cir. 11/15/11), 82 So.3d 298; *Barnett*, 841 So.2d 725.

Louisiana Revised Statutes 13:5107[2] provides that, in relevant part,

A. In all suits filed against the state of Louisiana or a state agency, citation and service may be obtained by citation and service on the attorney general of Louisiana, . . . and on the department, board, commission, or agency head or person, depending upon the identity of the named defendant and in accordance with the laws of this state, and on the department, board, commission, or agency head or person, depending upon the identity of the named defendant and the identity of the named board, commission, department, agency, or officer through which or through whom suit is to be filed against.

. . . .

D. (1) In all suits in which the state, a state agency, or political subdivision, or any officer or employee thereof is named as a party, service of citation shall be requested within ninety days of the commencement of the action . . . . This requirement may be expressly waived by the defendant in such action by any written waiver.

(2) If service is not requested by the party filing the action within the period required in Paragraph (1) of this Subsection, the action shall be dismissed without prejudice, after contradictory motion as provided in Code of Civil Procedure Article 1672(C), as to the state, state agency, or political subdivision, or any officer or employee thereof, upon whom service was not requested within the period required by Paragraph (1) of this Subsection.

---

[2] The legislature amended La.R.S. 13:5107 during the 2012 legislative session. However, we use the version in effect at the time of the hearing on the motion to dismiss.

3

Additionally, La.R.S. 39:1538(4) requires that in claims brought against the State, "process shall be served upon the head of the department concerned, the office of risk management, and the attorney general, as well as any others required by R.S. 13:5107."

The plaintiff contends that the trial court erred in granting the motion to dismiss with regard to DPSC. According to the plaintiff, he made a showing of good cause "including the presentation of state created impediments preventing proper and/or timely filing of claims and/or request of service" which excused his failure to request service on DPSC. The plaintiff contends that he was unable to locate the defendants' addresses and was unable to obtain assistance to do so.

The record indicates that the plaintiff did not request service on DPSC during the ninety-day period.[3] The defendants properly filed a motion for involuntary dismissal based on the plaintiff's omission. The plaintiff contends that he was unable to serve the appropriate parties because he could not locate their addresses. At the hearing, the plaintiff's only explanation of why he failed to request service on either the attorney general, the secretary of DPSC, or the Office of Risk Management was that "state agents creat[ed] impediments" by "withholding of Control Board and/or Risk Management addresses." In *Boyd*, 82 So.3d 298, the fifth circuit upheld a trial court's finding of no good cause where the plaintiff alleged that he was unable to ascertain the defendants' addresses due to his incarceration. Moreover, "mere confusion over a party's proper service information is not a sufficient basis for good

---

[3] We observe that the plaintiff filed a "Complaint of Negligence and Tort Claim" on November 11, 2011—*after* the defendants filed their exception of insufficiency of service of process and motion to dismiss based on failure to request service and well after the ninety-day time period had expired. Therein, the plaintiff requested service on Warden Henderson and Dr. Crawford, as well as on the Louisiana attorney general, the United States Attorney General, the secretary of DPSC, and the Office of Risk Management. With the exception of the Office of Risk Management, the plaintiff requested service on all parties at a physical location.

4

cause." *Johnson v. Univ. Med. Ctr. in Lafayette*, 07-1683, p. 2 (La. 11/21/07), 968 So.2d 724, 725.

Accordingly, we find that the trial court did not err in granting the motion to dismiss with regard to DPSC. This assignment of error is without merit.

*Motion to Dismiss for Failure to Request Service—Warden Henderson & Dr. Crawford*

The defendants argue that the trial court erred in denying the motion to dismiss with regard to Warden Henderson and Dr. Crawford. According to the defendants, the plaintiff's only request for service on Warden Henderson and Dr. Crawford within the ninety-day period was at a post office box for the Phelps Correctional Center. The defendants argue that this was an insufficient request for service. The record indicates that, on its own initiative, the Clerk's office issued service on September 26, 2011, to the physical address of the Phelps Correctional Center.[4]

At the hearing on the motion to dismiss, the trial court found that the plaintiff was prejudiced "to some extent" by the Clerk's failure to send the plaintiff the denial of the pauper affidavit for "some thirty-four days after signature" and the Clerk's failure to issue service after the plaintiff paid his filing fee until September 26, 2011. The trial court also noted that the first request was in a timely manner but that the Clerk's office failed to act upon that request until ordered by the trial court. Based on those findings, the trial court determined that there was good cause.

Louisiana Code of Civil Procedure Article 1672(C) states that "judgment dismissing an action without prejudice shall be rendered as to a person named as a defendant for whom service has not been *requested* within the time prescribed by Article 1201(C) . . . unless good cause is shown why service could not be *requested*." (emphasis added.) Therefore, there must be an initial determination of whether the

---

[4] At the hearing on the motion to dismiss, the trial court commented that the sheriff's deputy responsible for serving the petition may have known "that it be at the prison."

plaintiff properly requested service upon Warden Henderson and Dr. Crawford within the ninety-day period. The record indicates that the plaintiff did request service on Warden Henderson and Dr. Crawford within the ninety-day period, but that the request was at a post office box, not a physical address. The supreme court, in discussing what constituted a request for service under La.R.S. 13:5107(D)(1),[5] noted that "[s]ervice upon the defendant pursuant to La.R.S. 13:5107(D)(1) requires an accurate request of service upon the proper agent. For service to be requested and effectuated, the clerk must be provided with the correct name and address of those persons to be served. In our view, the plain language of La.R.S. 13:5107(D)(1), without more, requires that the clerk receive this information before it can be considered 'requested.'" *Tranchant v. State*, 08-978, p. 7 (La. 1/21/09), 5 So.3d 832, 836 (citation omitted). The record indicates that the plaintiff did not provide an accurate address within the ninety-day period. Therefore, the plaintiff did not request service as required by La.R.S. 13:5107.

However, La.Code Civ.P. art. 1672(C) also provides that if "good cause is shown why service could not be requested, . . . the court may order that service be effected within a specified time." The good cause requirement is strictly construed. *Barnett*, 841 So.2d 725. *See also Tranchant*, 5 So.3d 832. As previously noted, "mere confusion over a party's proper service information is not a sufficient basis for good cause." *Johnson*, 968 So.2d at 725. Similarly, "inadvertence in requesting service on the part of the plaintiff's counsel is not a sufficient basis for good cause." *Norbert v. Loucks*, 01-1229, p. 3 (La. 6/29/01), 791 So.2d 1283, 1285. As previously discussed, where a plaintiff alleged that he was unable to determine the defendants'

---

[5] The record indicates that the individual defendants are employees of a state agency and, therefore, the provisions of La.R.S. 13:5107(D) apply.

addresses because of his incarceration, the fifth circuit upheld a trial court's finding of no good cause. *See Boyd*, 82 So.3d 298.

In this case, the trial court found that the Clerk's failure to timely notify the plaintiff of the denial of his request for pauper status and the Clerk's failure to issue service within the ninety-day period prejudiced the plaintiff "to some extent." This finding was based on the trial court's determination that the failure to *serve* the individual defendants during the ninety-day period was somewhat attributable to alleged errors on the part of the Clerk's office. However, La.Code Civ.P. art. 1672(C) addresses the failure to *request* service. There is nothing in the record that would indicate that any errors on the part of the Clerk's office affected the plaintiff's ability to request proper service during the ninety-day period. Further, the plaintiff's allegation that his incarceration excuses his inability to obtain proper service information is not a sufficient basis for a finding of good cause pursuant to La.Code Civ.P. art. 1672(C). *See Boyd*, 82 So.3d 298.

Therefore, we find that the trial court erred in determining that good cause existed excusing the plaintiff's failure to request service as to Warden Henderson and Dr. Crawford. Accordingly, we reverse the judgment of the trial court and render judgment dismissing Warden Henderson and Dr. Crawford without prejudice.

*Plaintiff's Objections to the Trial Court's Ruling*

The plaintiff also contends that the trial court erred in denying his objections filed after the hearing on the motion to dismiss. The record indicates that, after the hearing, the plaintiff filed an objection to the proposed order and an objection and motion for rehearing/reconsideration. Therein, the plaintiff contended that the trial court erred in signing the proposed order before three working days had passed and that the trial court erred in dismissing DPSC. The trial court treated the plaintiff's objections as a motion for new trial and denied the motion.

7

Louisiana Code of Civil Procedure Article 1972 provides the following:

> A new trial shall be granted, upon contradictory motion of any party, in the following cases:
>
> (1) When the verdict or judgment appears clearly contrary to the law and the evidence.
>
> (2) When the party has discovered, since the trial, evidence important to the cause, which he could not, with due diligence, have obtained before or during the trial.
>
> (3) When the jury was bribed or has behaved improperly so that impartial justice has not been done.

Further, La.Code Civ.P. art. 1973 provides that a motion for new trial may be granted "if there is good ground therefore, except as otherwise provided by law." The trial court has vast discretion in deciding whether to grant a motion for new trial, and its decision whether or not to do so is reviewed under the abuse of discretion standard of review. *G.S. v. T.S.*, 04-1566 (La.App. 3 Cir. 4/13/05), 900 So.2d 1088.

A review of the record shows that the trial court considered the plaintiff's objections, treating them as a motion for new trial for reargument only. The trial court issued an order denying the plaintiff's motions, stating, in part that:

> Besides arguing the merits of the judgment of dismissal, plaintiff also contends that he was not given an adequate opportunity to comment on the State's proposed judgment before it was presented to the trial court for signature in accordance with Rule 9.5 of the Rules for Civil Proceedings in District Courts. . . .
>
> The purpose of Rule 9.5 is to allow an opposing party to review a proposed judgment and ensure that the wording of the judgment accurately reflects the ruling of the trial court. Rule 9.5 does not authorize a party to reargue the merits of the judgment. The court has reviewed plaintiff's objections, and plaintiff does not dispute that the order accurately reflects the ruling of the court. Therefore, any violation of Rule 9.5 is harmless error.

As discussed elsewhere in this opinion, we have found no error in the trial court's granting of the motion to dismiss with regard to DPSC. Further, even assuming that the trial court signed the proposed judgment in contravention of the

requirements of Rule 9.5, we find that any error therein is harmless and that the wording of the judgment is accurate.  *See Lewis v. ODECO, Inc.*, 07-0497, 07-1566 (La.App. 4 Cir. 4/8/09), 12 So.3d 363, *writs denied*, 09-1386 (La. 10/10/09), 19 So.3d 463, 09-1425 (La. 10/16/09), 19 So.3d 479, *cert. denied*, 130 S.Ct. 1705 (2010); *Mitchell v. Limoges*, 05-832 (La.App. 3 Cir. 3/1/06), 923 So.2d 906, *writ denied*, 06-723 (La. 6/16/06), 929 So.2d 1285.

After reviewing the record, we find no abuse of discretion in the trial court's denial of the plaintiff's objections/motion for new trial.  This assignment of error is without merit.

## DECREE

For the foregoing reasons, we affirm the judgment of the trial court granting the motion to dismiss with regard to the Louisiana Department of Public Safety and Corrections.  We reverse the judgment of the trial court denying the motion to dismiss with regard to the individual defendants, Warden Robert Henderson and Dr. John Crawford, M.D.  Further, we render judgment dismissing the plaintiff's claims against Warden Robert Henderson and Dr. John Crawford, M.D., without prejudice.  The costs of this appeal are allocated to the plaintiff, Donald Burgo.

**AFFIRMED IN PART; REVERSED IN PART; AND JUDGMENT RENDERED.**

DONALD BURGO

VERSUS

WARDEN ROBERT HENDERSON, ET AL.

**COOKS, J., dissenting.**

I respectfully dissent from the portion of the majority's opinion finding the trial court erred in determining that good cause existed as to why service could not be requested against Dr. Crawford and Warden Henderson within the ninety-day service period. The trial court found there was an extensive delay between the time the trial court granted Burgo pauper status and when the clerk of court issued service to those named defendants. The trial court felt this delay was the reason service did not occur within the ninety-day period set forth in the statutes. Thus, although finding on its face service was not made within the ninety-day service requirement found in La.Code Civ.P. art. 1201, the trial court believed dismissal was not appropriate because good cause was shown as to why service could not be requested against Dr. Crawford and Warden Henderson.

It is imperative to note that the trial court is accorded much discretion in whether to grant an involuntary dismissal and that determination is subject to the manifest error standard of review. *Kite v. Carter*, 03-378 (La.App. 3 Cir. 10/1/03), 856 So.2d 1271; *Guillory v. Int'l Harvester Co.*, 99-593 (La.App. 3 Cir. 10/13/99), 745 So.2d 733, *writ denied*, 99-3237 (La.1/14/00), 753 So.2d 220. I find the trial court did not manifestly err in finding good cause existed in this case. The record reflects that Burgo filed his lawsuit on May 13, 2011. The Clerk of Court signed the pauper affidavit on May 19, 2011. However, the notice was not sent to Burgo until June 29, 2011, well over one month past the date of signature. Burgo

subsequently paid his filing fees and requested to proceed on August 15, 2011. The trial court specifically noted the Clerk's office did not proceed until the trial court entered an order after Burgo's second request on September 7, 2011. The request to issue service by court order was made on September 13, 2011. Therefore, the trial court concluded the first request was made in a timely manner but the Clerk's office did not do it until the trial court entered an order. At that point Dr. Crawford and Warden Henderson were served physically. The trial court stated the following as to why it believed good cause was found here:

> I think good cause is found. They were served four days later. I don't know why they weren't served before. I don't know why he didn't receive the pauper affidavit 15 miles down the road for thirty-five days. All this prejudices [Burgo] to some extent.

I find the trial court was not manifestly erroneous in finding good cause was shown as to why service could not be requested against Dr. Crawford and Warden Henderson within the ninety-day service period. Therefore, I would affirm the trial court's judgment in that respect.