# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 14-421

**BERNARD M. BOUDREAUX, JR., ET AL.**

**VERSUS**

**PAUL CHRISTOPHER CUMMINGS**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, NO. 91,916
HONORABLE MARILYN C. CASTLE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**PHYLLIS M. KEATY**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Shannon J. Gremillion, Phyllis M. Keaty, and John E. Conery, Judges.

**AFFIRMED.**

**Joseph C. Giglio, Jr.**
**Liskow & Lewis**
**Post Office Box 52008**
**Lafayette, Louisiana  70505-2008**
**(337) 232-7424**
**Counsel for Plaintiffs/Appellees:**
      **Bernard M. Boudreaux, Jr.**
      **Angelique Boudreaux**
      **Rachael Boudreaux**
      **Camille Boudreaux**
      **John W. Boudreaux**

**Kenneth O. Privat**
**Privat & Privat**
**Post Office Drawer 449**
**Crowley, Louisiana  70527-0449**
**(337) 783-7142**
**Counsel for Defendant/Appellant:**
      **Paul Christopher Cummings**

**KEATY, Judge.**

Defendant appeals the trial court's judgment in favor of Plaintiffs. For the following reasons, the trial court's judgment is affirmed.

## FACTS AND PROCEDURAL BACKGROUND

This suit arises from a boundary dispute between the landowners of adjoining tracts of land in Vermilion Parish. One tract of land, which was formerly known as Agnes Plantation, is owned by Plaintiffs, Bernard M. Boudreaux, Jr. (Ben); Angelique Boudreaux; Rachael Boudreaux; Camille Boudreaux; and John W. Boudreaux (Johnny)[1] (hereafter collectively referred to as Plaintiffs). The other tract of land, which was formerly known as Gertrude Plantation, is owned by Defendant, Paul Cummings. In their possessory action and petition for injunctive relief and damages, Plaintiffs alleged that they peacefully possessed their property, which was once enclosed within a barbed wire fence, without interruption for over sixty years. Their alleged peaceful possession was disturbed in 2009 when Defendant drove large red pipes into Plaintiffs' property. Although there was no dispute that the original boundary lines, per title, between the two tracts of land were section lines, Plaintiffs alleged that they acquired property beyond the section line boundary by thirty-years acquisitive prescription.

After the hearing on March 29, 2010, the trial court granted the preliminary injunction, finding that Defendant had disturbed Plaintiffs' peaceful possession. The trial court found that Plaintiffs' property was depicted on the survey plat prepared by Stephen J. Langlinais, dated March 26, 2010 (Langlinais survey). After the trial court signed the preliminary injunction, the matter was converted into a petitory action by Defendant. Following a trial on the merits, the trial court

---

[1] Johnny is Ben's brother.

issued its written ruling dated March 31, 2012. In its written ruling, the trial court held that Plaintiffs were unable to establish the boundary along segment B-C-D between the two tracts of land. Plaintiffs were, therefore, unable to establish possession of the land at issue. The trial court set the boundary along segment B-C-D between the two tracts as per the original title boundary and section line. The trial court stated that this section line was depicted on a survey prepared by Jared Couvillion, dated May 30, 2012 (Couvillion survey). The trial court memorialized its ruling in its signed judgment dated June 11, 2012 (the original judgment).

Plaintiffs subsequently filed a motion for a new trial. Plaintiffs alleged that the original judgment was contrary to the law and evidence presented at the preliminary injunction hearing and at the trial on the merits of the petitory action. Plaintiffs further alleged that following the trial two new witnesses were discovered. Plaintiffs alleged that this new witness testimony could not be obtained by due diligence before or during the trial.

On September 28, 2012, a new trial was granted. Trial commenced on November 12, 2013, wherein the issue was whether the B-C-D boundary was the section line as depicted on the Couvillion survey or the Langlinais survey. The trial court ruled from the bench in favor of Plaintiffs and gave oral reasons for ruling. In its subsequent written judgment (new judgment) after the new trial, which is dated December 2, 2013, the trial court held that the boundary was the possession line as shown in the Langlinais survey. The trial court ordered that the portion of the original judgment fixing the B-C-D boundary as the section line be vacated and set aside. The other boundaries fixed in the original judgment remained the same.

Defendant appeals this new judgment and assigns as error the following: (1) the trial court erred in finding that Plaintiffs' two witnesses were newly discovered witnesses; (2) the trial court erred in granting a new trial since Plaintiffs presented no testimony showing their exercise of due diligence in locating these new witnesses prior to or during the original trial; (3) the trial court erred in allowing additional witness testimony at the new trial from some of the same witnesses who previously testified at the original trial; and (4) the trial court erred in failing to find that Johnny judicially confessed to the correctness of the original judgment in a subsequent lawsuit.

## STANDARD OF REVIEW

"When reviewing the grant or denial of a motion for new trial, an appellate court cannot reverse the trial court's decision unless an abuse of discretion can be demonstrated." *Whittington v. QBE Specialty Ins. Co.*, 12-409, p. 2 (La.App. 3 Cir. 11/7/12), 105 So.3d 797, 799, *writ denied*, 12-2646 (La. 1/25/13), 105 So.3d 723. Thus, we will utilize the abuse of discretion standard of review in the instant case.

## DISCUSSION

**I.     First and Second Assignments of Error**

Plaintiffs' first two assignments of error deal with the trial court's granting of a new trial. The granting of a new trial is codified at La.Code Civ.P. art. 1971 (emphasis added) which provides:

> A new trial **may** be granted, upon contradictory motion of any party or by the court on its own motion, to all or any of the parties and on all or part of the issues, or for reargument only. If a new trial is granted as to less than all parties or issues, the judgment may be held in abeyance as to all parties and issues.

Whether to grant or deny a motion for a new trial requires a trial court to balance many factors. *Hepler v. Lin*, 03-1217 (La.App. 3 Cir. 3/31/04), 869 So.2d 969. The supreme court has stated:

> [T]he trial judge may evaluate evidence without favoring any party and draw his own inferences and conclusions. Perhaps the significant authority is the ability to assess the credibility of witnesses when determining whether to grant or deny the motion for new trial.

*Id*. at 983 (quoting *Davis v. Wal-Mart Stores, Inc*., 00-445 (La. 11/28/00), 774 So.2d 84).

Trial courts can grant new trials on either peremptory or discretionary grounds. La.Code Civ.P. arts. 1972 and 1973. Louisiana Code of Civil Procedure Article 1972 (emphasis added) provides peremptory grounds that may serve as the basis for granting a new trial as follows:

> A new trial **shall** be granted, upon contradictory motion of any party, in the following cases:
>
> (1) When the verdict or judgment appears clearly contrary to the law and the evidence.
>
> (2) When the party has discovered, since the trial, evidence important to the cause, which he could not, with due diligence, have obtained before or during the trial.

The discretionary grounds for granting a new trial are codified at La.Code Civ.P. art. 1973 (emphasis added) which provides that "[a] new trial **may** be granted in any case if there is good ground therefor, except as otherwise provided by law." "This has been interpreted to mean that '[w]hen the trial judge is convinced by his examination of the facts that the judgment would result in a miscarriage of justice, a new trial should be ordered.'" *Smith v. Alliance Compressors*, 05-855, pp. 6-7 (La.App. 3 Cir. 2/1/06), 922 So.2d 674, 679 (quoting *Lamb v. Lamb*, 430 So.2d 51, 53 (La.1983)).

In his first and second assignments of error, Defendant contends that the trial court erred in finding that Plaintiffs' witnesses, Matt Suire and Raymond Haynes, were newly discovered witnesses. Defendant contends that Suire and Haynes were not newly discovered since Plaintiffs presented no testimony showing that they exercised due diligence in locating these new witnesses prior to or during the original trial.

In order to meet the burden of proof required to grant a new trial on the basis of newly discovered evidence under La.Code Civ.P. art. 1972(2), the moving party must prove:

> (1) that the evidence was discovered after the trial; (2) that the new evidence is not cumulative; (3) that the new evidence would tend to change the result of the case; and (4) that the new evidence could not have been discovered with due diligence before the trial was completed.

*Holloway Drilling Equip., Inc. v. Bodin*, 12-355, pp. 12-13 (La.App. 3 Cir. 11/7/12), 107 So.3d 699, 709.

### A.     Matt Suire

According to Matt Suire's affidavit which was attached to Plaintiffs' motion for a new trial, he is a fifty-two-year-old resident of Abbeville, Louisiana, and familiar with Plaintiffs' property. Suire learned of the original lawsuit while attending a Louisiana Cattle Festival Board meeting on April 10, 2012. Specifically, he learned through another attendee that Plaintiffs were unsuccessful in their boundary dispute based upon the trial court's finding that there was no fence separating the two tracts of land along the B-C-D line. Since Suire believed that the trial court's finding was "clearly wrong," he subsequently approached Ben

5

to discuss the situation.  Since Ben was unable to understand him,[2] Ben's wife put Suire in touch with Ben's brother, Johnny.

As to his knowledge of the property, Suire attested that he was "positive" that a barbed-wire fence existed "along the entire B-C-D line" as he hunted along that area of property from 1976 through 2010.  Suire described the fence as it existed in 1976 as a "four-strand barbed wire fence in good repair."  Suire stated that in 1999, an electric fence replaced the barbed-wire fence at the B-C segment, which was around the time that the strip of woods existing on Plaintiffs' side of the fence was cleared.  Suire said that parts of the barbed-wire fence from the C-D segment existed from 1976 until approximately three years ago.  Suire attested that during a recent visit to the property, he "saw many of the old posts" and found "wire embedded in a pecan tree, and barbed wire remnants along the fence line." He also located remnants of the barbed-wire fence from the B-C segment in the trees and on the ground along the line where the electric fence exists today.  Suire was "positive about the location of the fence as compared to the location of [his] deer stands, which still exist today."

Suire's testimony is supported by Johnny's affidavit, which was also attached to Plaintiffs' motion for a new trial.  Johnny attested that he is a sixty-eight-year-old resident of Abbeville.  According to his affidavit, Johnny was contacted by Suire following the original trial with information regarding the barbed-wire fence on the property.  Johnny had no knowledge that Suire had such information.  Johnny attested that his brother, Ben, would have known about Suire's knowledge of the fence had he not been suffering from dementia.  Johnny became aware of Suire's knowledge in mid-April 2012 when he was contacted by

---

[2] The record shows that Ben suffered from dementia.

Ben's wife. Johnny had no way of knowing about Suire just as his brother, Ben, because of his illness, was not in a position to advise their attorney about Suire during trial preparation.

The trial court granted the motion for a new trial based partially upon Suire's and Johnny's affidavits. At the hearing, the trial court indicated that at the time of the original trial, it only had Johnny's unsupported testimony regarding the existence and location of the fence along with a lack of scientific evidence. The trial court stated that the introduction of Suire's testimony was important because he was familiar with the property and the barbed-wire fence. The trial court also referred to Johnny's affidavit and stated that while it was not "anxious to undo the finality of a judgment . . . the reason that we have a code article that allows for a new trial in some instances is for the purpose of making sure that the [c]ourt makes a full decision based on all the evidence that's there."

Accordingly, we will determine whether Plaintiffs have met their burden of proof by satisfying the four-prong test enunciated in *Holloway Drilling Equipment, Inc.*, 107 So.3d 699. As to the first factor, i.e., whether evidence was discovered after the original trial, Suire learned of the lawsuit on April 10, 2012. He later spoke with Ben, who was suffering from dementia. Thereafter, he spoke with Johnny at the behest of Ben's wife. Johnny confirmed that Ben's wife contacted him in mid-April 2012 and told him that Suire had come forward with information about the fence, its history, and location. Thus, we find that Plaintiffs have met the first factor as this new evidence was discovered after the original trial.

As to the second factor regarding cumulative evidence, the trial court initially found that Plaintiffs were unable to establish the boundary line along the B-C-D segment, which in turn rendered them unable to establish possession of the

land at issue. The trial court's original ruling stated that despite Johnny's testimony regarding the fence, "there was no evidence of embedded wire as one would expect to observe if a fence had been attached to a growing tree for over 30 years." The trial court noted that there lacked evidence of "ancient fence posts between the widely spaced trees where the fence is said to have existed." We find that Suire's testimony, which is reinforced by Johnny's affidavit testimony, provided this evidence that was lacking at the original trial. Thus, we find that the second factor is met as this new evidence is not cumulative. We also find that the new evidence introduced by Plaintiffs would tend to change the result of the case, thus satisfying the third factor.

As to the fourth factor regarding due diligence, Suire did not learn of the original lawsuit until April 10, 2012. Since he believed that the trial court's original ruling was wrong, Suire subsequently approached Ben to discuss the situation. When Ben was not able to understand him, Ben's wife put Suire in touch with Johnny. Johnny confirmed this information in his affidavit and also attested that he had no knowledge of Suire's information prior to mid-April 2012. Thus, we find that Plaintiffs have satisfied factor four as this new evidence could not have been discovered with due diligence before the trial was completed.

Accordingly, the trial court did not abuse it's discretion in granting a new trial on the basis of newly discovered evidence under La.Code Civ.P. art. 1972(2).

### B.    Raymond Haynes

According to Haynes' affidavit which was also attached to the motion for a new trial, he is a seventy-nine-year-old resident of Mississippi and a lifelong

logger. In the 1960s and 1990s, he purchased timber from the Weill family[3] and harvested timber on their property. During these harvest operations, he was "absolutely positive" that there existed a barbed-wire fence. Haynes was certain because the fence marked the boundary, and his timber harvesting operation was limited to the southern area of the fence. Haynes was unable to conveniently remove the timber across the property because it was low land with sloughs. Haynes, therefore, transported the timber by truck traveling over the northern portion of Plaintiffs' property. He accessed the property by cutting the fence and then repairing the fence after removing the logs. Haynes lost touch with Johnny as he had not seen him or any of his family members for approximately twenty years. Haynes reconnected with Johnny in March 2012 when he visited Johnny, who informed him of the original lawsuit and adverse judgment.

Haynes' testimony is also supported by Johnny's affidavit, which was attached to Plaintiffs' motion for a new trial. Johnny attested that he was approached by Haynes in March 2012. Johnny had not seen Haynes in approximately twenty-five years. Johnny was unsure as to Haynes' whereabouts, "or even whether he was alive." During this March visit, Johnny told Haynes about their loss in court. Haynes subsequently offered to testify since "he remembered the barbed wire fence and its location, and he was as surprised as [Johnny] was that anyone would believe that the fence wasn't there."

The trial court granted the motion for a new trial based partially upon Haynes' and Johnny's affidavits. The trial court stated that the introduction of Haynes' testimony was important because he was there and knows about the fence.

---

[3] Karl Weill was the previous owner of the Gertrude Plantation, which is now owned by Defendant.

Again, we will determine whether Plaintiffs have met their burden of proof as to the witness, Haynes, by satisfying the four-prong test enunciated in *Holloway Drilling Equipment, Inc.*, 107 So.3d 699. As to the first factor, Johnny was not approached by Haynes until March 2012. Prior to this, neither Johnny nor any of his family members had any contact with Haynes for twenty to twenty-five years. Thus, we find that Plaintiffs have satisfied the first factor. As to the second factor, and based upon the same reasons as stated regarding Suire's testimony, we find that Haynes' affidavit provided evidence that was also lacking at the original trial. Thus, the second factor is met as this new evidence was not cumulative. We further find that Plaintiffs satisfied the third factor, as the new evidence introduced by Plaintiffs would tend to change the result of the case.

We also find that Plaintiffs satisfied the due diligence requirement in factor four. Specifically, Haynes and Johnny attested that they had lost contact with each other for approximately twenty to twenty-five years. They reconnected in March 2012 when Haynes visited Johnny. That was when Haynes first learned of the lawsuit and told Johnny that he would testify.

Finally, at the hearing on the motion for new trial, the trial court referred to Haynes' affidavit and stated that it did not appear that Plaintiffs knew about him prior to the original trial. The trial court had "a little trouble seeing how due diligence could have found Mr. [Haynes], unless you have some evidence to the contrary about their relationship." At that hearing, and with respect to due diligence, defense counsel stated that "I will concede as to Mr. [Haynes], that, you know, probably that would be a more difficult thing."

Accordingly, the trial court did not abuse its discretion in granting a new trial on the basis of newly discovered evidence under La.Code Civ.P. art. 1972(2).

10

Even if we had not found grounds for a new trial under La.Code Civ.P. art. 1972(2), La.Code Civ.P. art. 1973 provides for vast discretion for the trial court's decision to grant a new trial for "good cause shown." *See Burgo v. Henderson*, 12-332 (La.App. 3 Cir. 12/9/12), 106 So.3d 275; *Davis v. Coregis Inc. Co.*, 00-475 (La.App. 3 Cir. 12/27/00), 789 So.2d 7, *writ denied*, 01-292 (La. 3/30/01), 788 So.2d 1192.

Assignments of error one and two are without merit.

## II.     Third Assignment of Error

In his third assignment of error, Defendant contends the trial court erred in allowing additional witness testimony at the new trial from some of the same witnesses who previously testified at the original trial.

In that regard, Louisiana Code of Civil Procedure Article 1978 provides, in pertinent part:

> Any party may call new witnesses or offer additional evidence, and with the permission of the court recall any witness for further examination or cross-examination as the case may be. However, the parties shall not be precluded from producing new proofs, on the ground they have not been offered on the first trial.

Based upon our review of the record, the trial court allowed Plaintiffs to offer the testimony of two new witnesses, Suire and Haynes. The trial court also allowed new testimony from Johnny even though he testified at the original trial. Thus, we find that the trial court allowed this new testimony in accordance with La.Code Civ.P. art. 1978. The trial court did not abuse its discretion, and assignment of error three is without merit.

## III.    Fourth Assignment of Error

In his fourth assignment of error, Defendant contends that the trial court erred in failing to find that Plaintiffs judicially confessed to the correctness of the

original judgment in a subsequent lawsuit. The subsequent lawsuit, according to Defendant, was a petition for recognition of a servitude of passage, for damages, and for a preliminary injunction filed against him in the district court by Johnny in December 2012. In this subsequent lawsuit, Defendant alleges that Johnny judicially acknowledged that Defendant was the owner of the property in question.

Louisiana Civil Code Article 1853 provides, in pertinent part, that "[a] judicial confession is a declaration made by a party in a judicial proceeding. That confession constitutes full proof against the party who made it." "A litigant is estopped or bound by allegations of fact in his pleadings, but not by allegations which are only pronouncements or conclusions of law." *J.H. Jenkins Contractors, Inc. v. Farriel*, 261 La. 374, 250 So.2d 882, 890 (1972).

The subject matter of this subsequent lawsuit was for recognition of a servitude of passage whereas the subject matter of the instant lawsuit is for the possession of property by thirty-years acquisitive prescription. The subject matter in the subsequent lawsuit is, therefore, different from the subject matter in the instant suit. This subsequent lawsuit was also filed on December 19, 2012, which was after the original trial but prior to the trial court's judgment following the new trial. When Johnny filed this petition for recognition of a servitude of passage, Defendant was the property's owner pursuant to the trial court's original judgment. Thus, we agree with Plaintiffs' brief that the statements contained in Johnny's petition were only recitations of the legal reality at the time he filed his petition. The petition conveyed the legal descriptions of the properties owned by Plaintiffs and Defendant as recited in their deeds and recorded in the courthouse. At trial, Johnny testified that he filed the subsequent lawsuit because Defendant locked the back gate which was Johnny's right-of-way to leave the property. Johnny testified

12

that it was "[a]bsolutely not[]" his intention to judicially confess that the property line was the same as the section line.

Thus, we find that the trial court did not abuse its discretion, and assignment of error four is without merit.

## DECREE

The trial court's judgment is affirmed. All costs of this appeal are assessed to Defendant, Paul Cummings.

**AFFIRMED**.