| ADRENA S. FREEMAN | NO. 20-C-283 |
|---|---|
| VERSUS | FIFTH CIRCUIT |
| OCHSNER CLINIC FOUNDATION, DR. GEORGE M. FUHRMAN, TOURO INFIRMARY AND DR. CATHY SWAIN-JONES | COURT OF APPEAL |
| | STATE OF LOUISIANA |

ON APPLICATION FOR SUPERVISORY REVIEW FROM THE
TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 799-284, DIVISION "N"
HONORABLE STEPHEN D. ENRIGHT, JR., JUDGE PRESIDING

November 10, 2020

**STEPHEN J. WINDHORST**
**JUDGE**

Panel composed of Judges Stephen J. Windhorst,
Hans J. Liljeberg, and John J. Molaison, Jr.

**WRIT GRANTED**
    **SJW**
    **HJL**
    **JJM**

COUNSEL FOR PLAINTIFF/RESPONDENT,
ADRENA S. FREEMAN
    Richard H. Barker, IV

COUNSEL FOR DEFENDANT/RELATOR,
CATHY SWAIN-JONES, MD
    Michelle A. Bourque
    Mark E. Kaufman

COUNSEL FOR DEFENDANT/RESPONDENT,
OCHSNER CLINIC FOUNDATION AND DR. GEORGE M. FUHRMAN
    Don S. McKinney
    William K. Wright, IV

COUNSEL FOR DEFENDANT/RESPONDENT,
TOURO INFIRMARY
    Valerie E. Fontenot

**WINDHORST, J.**

Relator, Dr. Cathy Swain-Jones, seeks review of the trial court's August 12, 2020 judgment denying her exception of insufficiency of service of process and motion for involuntary dismissal. In her writ application, relator contends that the trial court erred in finding good cause for not requesting service on relator. Relator argues that two internet searches for relator's address are not evidence of diligence or good cause for failing to request service. Relator further contends that plaintiff's counsel knew the identity of relator's counsel in the medical review panel proceeding but made no attempt to contact relator's counsel in an attempt to ascertain relator's address. For the following reasons, we grant relator's writ application, reverse the trial court's August 12, 2020 judgment, sustain relator's exception of insufficiency of service of process, grant relator's motion for involuntary dismissal, and dismiss the claims asserted by plaintiff against relator, Dr. Cathy Swain-Jones, without prejudice.

**PROCEDURAL HISTORY**

On September 10, 2019, plaintiff filed a petition in the 24th JDC for medical malpractice against several defendants, including relator. The petition alleged that relator "is a resident of Abu Dhabi, UAE" and "was doing business in this district and state at all material times." The petition also alleged, "It was reported that Dr. Swain-Jones closed the practice and relocated to the [*sic*] Abu Dhabi, UAE." Plaintiff requested that service on relator be "temporarily" withheld and no service address was provided. Under the provisions of La. C.C.P. art. 1201 C, the last day for requesting service was 90 days after filing, or December 10, 2019.

On April 3, 2020, relator filed an exception of insufficiency of service of process and a motion for involuntary dismissal, arguing that plaintiff did not request service on her within 90 days of filing the petition, and thus, she is entitled to be dismissed without prejudice pursuant to La. C.C.P. art. 1672 C. Relator argued that

plaintiff had more than six months between filing her petition and the COVID-19 closures to request service. Because plaintiff did not request service within 90 days of filing her petition, relator contended that she was entitled to a dismissal without prejudice pursuant to La. C.C.P. art. 1672 C. In opposition, plaintiff argued that good cause existed for her failure to request service, "i.e. that upon information and belief, [relator] is living and working in some unknown location in the United Arab Emirates." Plaintiff contended that this fact was alleged by her in the petition and it was not denied by defendant.

In reply, relator contended that plaintiff did not show good cause and she should be dismissed from the lawsuit because (1) plaintiff did not even attempt to request service upon her within 90 days; (2) under the law, "attempts" at requesting service that lack diligence do not constitute good cause; (3) plaintiff was aware that relator was represented by counsel in the medical review panel proceeding but did not attempt to contact relator's prior counsel to request waiver of service, acceptance of service or relator's address for long-arm service; (4) plaintiff's internet searches are not dated; (5) plaintiff did not show that the internet searches were conducted within 90 days of filing her petition; and (6) the two internet searches for relator's address is not evidence of diligence or good cause for failing to request service on relator. In support, relator attached her search of the Louisiana State Board of Medical Examiners' directory showing relator's address.

**LAW and ANALYSIS**

La. C.C.P. art. 1201 C provides in pertinent part, "Service of the citation shall be requested on all named defendants within ninety days of the commencement of the action." If service is not requested within 90 days, La. C.C.P. art. 1672 C requires dismissal without prejudice of the claim(s) against a named defendant for whom service of process has not been requested "unless good cause is shown why service could not be requested." When, on the face of the pleadings, the 90-day time limit

for requesting service has been exceeded without request, the burden of proof is upon the party alleging "good cause" to show "why service could not be requested."

A trial court's finding of "good cause" for why service could not be requested within the proper time period is a question of fact subject to the manifest error standard of review. Corbin v. La. Dep't of Highways, 44,882 (La. App. 2 Cir. 12/09/09), 26 So.3d 945, 947; See also Davis v. Caraway, 14-264 (La. App. 5 Cir. 10/29/14), 164 So.3d 223, 225. Louisiana courts strictly construe the good cause requirement of La. C.C.P. art. 1672 C. Barnett v. Louisiana State University Medical Center-Shreveport, 02-2576 (La. 02/07/03), 841 So.2d 725, 726; Boyd v. Picayune, 11-119 (La. App. 5 Cir. 11/15/11), 82 So.3d 298, 300. Although good cause is not defined in La. C.C.P. art. 1672 C, Louisiana courts have held that mere confusion, inadvertence, or mistake in requesting service on the part of plaintiff's counsel is not a sufficient basis for good cause. Norbert v. Loucks, 01-1229 (La. 06/29/01), 791 So.2d 1283, 1285; Johnson v. University Medical Center in Lafayette 07-1683 (La. 11/21/07), 968 So.2d 724, 725; Liberty Mut. v. Noble, 04-727 (La. App. 5 Cir. 11/30/04), 889 So.2d 1158, 1159. Confusion as to how or upon whom service must be made is not "good cause" for not properly requesting service timely. Taylor v. LSU Medical Center, 38,944 (La. App. 2 Cir. 10/14/04), 892 So.2d 581, writ denied, 05–0480 (La. 05/20/05), 902 So.2d 1049.

Although consideration of exhibits not admitted into evidence was not assigned as an error in this case, the Supreme Court and this Court have routinely held that appellate courts may not consider evidence not properly admitted into evidence, whether the lack of admission into evidence was assigned as error or not. Quinn v. La. Citizens Prop. Ins. Corp., 12-152 (La. 11/02/12), 118 So.3d 1011; Barnes v. Jacob, 13-596 (La. App. 5 Cir. 12/12/13), 131 So.3d 363, 364. Here, the parties referred to plaintiff's exhibits and relator's exhibits; however, none of these exhibits were offered or admitted into evidence. Exhibits not formally admitted into

evidence could not be considered by the trial court in its decision, they are not properly before this Court, and we cannot consider them.

It is clear from the record that service on Dr. Swain-Jones was not requested until after the exception, and eight months after the expiration of 90 days. No request for a current address, presumably in Abu Dhabi, was made on counsel who represented Dr. Swain-Jones before the medical review panel.[1] There was no request for service on the last-known address, or any other. No timely long arm service was attempted. No request for appointment of a curator was timely made. Given that the requirement to request service within 90 days of filing suit is to be strictly construed, the unsupported explanation as to why plaintiff could not request service clearly did not constitute good cause within well-settled strict application of La. C.C.P. art. 1201C.

Nevertheless, had the exhibits been admitted into evidence, our conclusion would be no different. It is undisputed that plaintiff made no attempt in a 6-month period to serve relator. The petition alleged only that "It was reported that Dr. Swain-Jones closed the practice and relocated to the Abu Dhabi, UAE," but plaintiff did not specify what attempts, if any, were made to locate an address in Abu Dhabi, or anywhere else.

Plaintiff attached and identified two undated exhibits to her memorandum in opposition to the exception. Exhibit A is alleged to be a "screenshot of the Louisiana State Board of Medical Examiners' directory" showing that relator is not listed as a member. Exhibit B is alleged to be a "screenshot of the current Google search engine results for Swain-Jones."[2] Exhibit B, however, is not "Google search engine

---

[1] We recognize that such a request would probably have been fruitless, and that medical review panel counsel for Dr. Swain-Jones was not yet counsel of record in this case at the time. Nevertheless, when strictly construed as required, "good cause" cannot be assumed, and all logical and reasonable means to obtain information to effect service should be attempted.

[2] Neither exhibit is a clear screen print taken digitally by the computer of the entire image displayed on its screen. Both are grainy smartphone photos of most of the computer screens, but they appear to be sufficiently legible.

results," but is a photo of a computer screen showing a single internet page. Based on counsel's explanation in the transcript, it was a page from the 'My Business' website. It contains a local Metairie address and a phone number for Dr. Swain-Jones, which counsel states is disconnected. The memorandum makes no allegation regarding the address in Exhibit B. Significantly, no screenshot or photo of the "current Google search engine results" or SERP[3] was provided, nor were any *other* results of the Google search provided or revealed. There was no assertion or suggestion that this was the only result of the Google internet search. Whether the Google search contained other useful sites or information was not addressed.

Moreover, the exhibits are undated. Whether they were produced within 90 days of filing suit is determinative of whether they may have any value to show "good cause" within the 90 days. The Google search was alleged to have been "current" on or about July 21, 2020, the date of the Certificate of Service of plaintiff's opposition memorandum signed by plaintiff's counsel. If the Google internet search was "current" at that time, it was performed seven months past the expiration of the 90-day time limit for requesting service. By that time, it could not have been the basis for good cause for not timely requesting service seven months earlier. At best, the date of the internet search is unknown. Thus, even considering the exhibits, we find that plaintiff did not provide support for a finding of "good cause" for why service could not be requested within 90 days of filing the petition.

Therefore, based upon our review of the writ application, transcript, and exhibits attached thereto, we find the trial court was manifestly erroneous in denying relator's exception of insufficiency of service of process and motion for involuntary dismissal. Accordingly, we grant relator's writ application, reverse the trial court's August 12, 2020 judgment, sustain relator's exception of insufficiency of service of

---

[3] Search Engine Results Page, which is the list of results of an internet search provided by the search engine.

process, grant relator's motion for involuntary dismissal, and dismiss the claims asserted in this case by plaintiff against relator, Dr. Swain-Jones, without prejudice.

## **WRIT GRANTED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**NOVEMBER 10, 2020** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL
PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

*Curtis B. Pursell*

**CURTIS B. PURSELL**
CLERK OF COURT

**20-C-283**

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE STEPHEN D. ENRIGHT, JR. (DISTRICT JUDGE)
MARK E. KAUFMAN (RELATOR)          MICHELLE A. BOURQUE (RELATOR)          DON S. MCKINNEY (RESPONDENT)
VALERIE E. FONTENOT (RESPONDENT)

**MAILED**
RICHARD H. BARKER, IV (RESPONDENT)          WILLIAM K. WRIGHT, IV (RESPONDENT)
ATTORNEY AT LAW                              ATTORNEY AT LAW
601 POYDRAS STREET                           701 POYDRAS STREET
SUITE 2345                                   SUITE 4500
NEW ORLEANS, LA 70130                         NEW ORLEANS, LA 70139